IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE BRIGGS, as next friend of T.W. and B.S., EVAN WATSON, as next friend of C.R., and HENRY A. MEYER, III, as next friend of A.M., for themselves and for others similarly situated, <br><br>         Plaintiffs, <br><br> vs. <br><br> ALLIE FRIESEN, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services, and DEBBIE MORAN, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center, <br><br>         Defendants. | Case No. 23-cv-00081-GKF-JFJ |

**ORDER**

Before the court is the Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice to Class [Doc. 46] of plaintiffs Leslie Briggs, as next friend of T.W. and B.S.; Evan Watson, as next friend of C.R.; and Henry A. Meyer, III, as next friend of A.M., for themselves and for others similarly situated, and defendants Allie Friesen, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services and Debbie Moran, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center.

**Background/Procedural History**

This case relates to Oklahoma's competency restoration system. On March 1, 2023, plaintiffs filed a Class Action Complaint alleging that, due to a lack of forensic beds, persons who

are declared incompetent in Oklahoma state court criminal proceedings are forced to wait prolonged periods of time to receive court-ordered competency restoration treatment and, during the waiting period, the persons receive little to no mental health treatment. Plaintiffs assert the following causes of action: (1) violation of Due Process rights secured by the Fourteenth Amendment to the U.S. Constitution, (2) violation of Due Process rights secured by the Oklahoma Constitution, and (3) violation of Title II of the Americans with Disabilities Act.

Plaintiffs brought the case as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), defining the proposed class as follows:

> All persons who are now, or will be in the future, charged with a crime in Oklahoma state court and are: (i) declared incompetent by the state court; (ii) incarcerated in a county jail or similar detention facility; (iii) court-ordered to receive restoration services; and (iv) placed on the OFC competency waitlist or who otherwise have not received restoration treatment services within a constitutionally acceptable time.

[Doc. 2, p. 20]. Plaintiffs seeks a declaratory judgment and injunctive relief.

Defendants filed a motion to dismiss. However, less than sixty days after the case was initiated, the parties filed a Joint Motion to Stay, seeking a ninety-day stay to permit the parties to pursue settlement negotiations. Additionally, defendants moved to withdraw the motion to dismiss. The court granted both motions and stayed this matter until July 25, 2023.

On May 30, 2023, the parties filed a Joint Application to Obtain Medical Records of Patients seeking release of all medical information and records of the Oklahoma Department of Mental Health and Substance Abuse Services concerning all incarcerated criminal defendants who have been adjudicated incompetent to stand trial and have been ordered to receive restorative services since January 1, 2021. The parties explained that the information was necessary for discovery-related issues including what restorative treatments are taking place in in-jail settings.

The court granted the motion and authorized release of the requested medical records pursuant to an amended stipulated protective order.

On multiple joint motions of the parties, the court continued to stay this matter through May 13, 2024. No additional requests for discovery or other motions were filed.

Upon expiration of the stay, this matter was set for a Status Hearing on June 5, 2024. During the status hearing, the parties advised that they had reached a proposed settlement and were in the process of finalizing the necessary documents. [Doc. 45].

On June 17, 2024, the parties filed the Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice to Class. [Doc. 46].

**Analysis**

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). As such, the parties must comply with the rules of procedure set forth in Federal Rule of Civil Procedure 23. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Pursuant to Federal Rule of Civil Procedure 23, "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The court may approve a settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To make that the determination, the court must consider whether

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;

3

    (C) the relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Additionally, the Tenth Circuit has directed courts to consider the following factors:

    (1) whether the proposed settlement was fairly and honestly negotiated;

    (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

    (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

    (4) the judgment of the parties that the settlement is fair and reasonable.

*In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 997 F.3d 1077, 1087 (10th Cir. 2021) (emphasis altered from original).[1]

"The class settlement approval process typically occurs in two phases." *Marquez v. Midwest Div. MMC, LLC*, No. 19-CV-2362-DDC-ADM, 2022 WL 17093036, at *10 (D. Kan. Nov. 21, 2022). "In the first stage, the court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that

---

[1] The first three factors articulated by the Tenth Circuit generally overlap with the Rule 23 factors. *See CO Craft, LLC v. Grubhub Inc.,* No. 20-CV-01327-NYW-NRN, 2023 WL 3763525, at *4 (D. Colo. June 1, 2023); *Cisneros v. EP Wrap-It Insulation, LLC*, No. CIV-19-500-GBW-GJF, 2021 WL 2953117, at **5-6 (D.N.M. July 14, 2021).

interested class members may object to the fairness of the settlement or opt out of the settlement." *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 659 (D. Colo. 2018); *see also* 4 William B. Rubenstein, Newberg on Class Actions § 13:10 (6th ed. 2024) ("First, the parties present a proposed settlement to the court for so-called 'preliminary approval'" and "[i]f a class has not yet been certified, typically the parties will simultaneously ask the court to 'conditionally' certify a settlement class."). "In the second stage, after notice is given to the putative class, the court holds a fairness hearing at which it will address the fairness, reasonableness, or adequacy of the settlement terms." *Ross*, 323 F.R.D. at 659.

Prior to 2018, "Rule 23 did not embody a specific preliminary settlement approval process or standard, but courts had developed an intricate jurisprudence on their own." 4 Newberg on Class Actions at § 13:13. "The general rule was that a court would grant preliminary approval where the proposed settlement was 'neither illegal nor collusive and is within the range of possible approval.'" 4 Newberg on Class Actions at § 13:10; *see also In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. Sept. 28, 2012) ("The Court will ordinarily grant preliminary approval where the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'").

However, in 2018, Rule 23 was amended to state as follows:

(1)   ***Notice to the Class***

   (A)   *Information That Parties Must Provide to the Court*. The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.

   (B)   *Grounds for a Decision to Give Notice*. The court must direct notice in a reasonable manner to all class members who would be bound

5

>> by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:
>
>> (i) approve the proposal under Rule 23(e)(2); and
>
>> (ii) certify the class for purposes of judgment on the proposal.

Fed. R. Civ. P. 23(e)(1). Thus, the Rule "now requires a showing that the court will 'likely' be able to approve the proposed settlement" and certify the proposed class. 4 Newberg on Class Actions at § 13:13 (internal footnote omitted); Fed. R. Civ. P. 23(e)(1)(B). With respect to the 2018 amendment, the advisory committee recognized

> [t]he decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object. The parties must provide the court with information sufficient to determine whether notice should be sent. At the time they seek notice to the class, the proponents of the settlement should ordinarily provide the court with all available materials they intend to submit to support approval under Rule 23(e)(2) and that they intend to make available to class members.

Fed. R. Civ. P. 23, advisory committee notes to 2018 amendments. Although the Tenth Circuit has not weighed in on the issue, other courts have concluded that the "likely be able to" approve standard is "'more exacting' than the relaxed standard courts applied prior to the amendment." *Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 643 (D.N.H. 2020) (collecting cases); *see also In re Payment Card Interchange Fee & Merch. Dis. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019); *Russell v. Ray Klein, Inc.*, No. 19-CV-00001-MC, 2022 WL 1639560, at *1 n.1 (D. Or. May 24, 2022) ("[T]he 2018 amendments to Rule 23 provide for a more stringent review of class action

settlements at the preliminary approval stage."); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-MD-2633-SI, 2019 WL 3410382, at *1 (D. Or. July 29, 2019).[2]

Based on its initial review, the court concludes that the parties have not provided sufficient information to permit the court to determine whether it will "likely be able to" approve the proposed settlement and certify the class. *See Drazen v. Pinto*, 101 F.4th 1223 (11th Cir. 2024) ("Rule 23(e)(1)(A) placed on the parties the burden of providing the District Court with 'information sufficient to enable it to decide whether to give notice of the propose[d Settlement Agreement] to the class.' Fed. R. Civ. P. 23(e)(1)(A). Implicit in this burden is the duty to provide the District Court with information sufficient to satisfy the court's obligations under Rule 23(c)(2) . . . and Rule 23(e)(2).").

To determine whether the court will likely be able to approve the proposed settlement, the Rule 23 factors "serve as a 'useful guide at the preliminary approval stage.'" *CO Craft, LLC*, 2023 WL 3763525, at *4. In order to meet their burden of showing that the court will likely be able to approve the proposed settlement, the parties shall be prepared to address the following:[3]

- "[T]he conduct of the litigation and of the negotiations leading up to the proposed settlement" as pertinent to Rule 23's "procedural concerns," including whether the

---

[2] Regardless, prior to the 2018 amendment, it was clear that a "preliminary approval [was] not simply a judicial 'rubber stamp' of the parties' agreement." *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013); *see also In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 338 (N.D. Ohio 2001); *Kakani v. Oracle Corp.*, No. C-06-06493-WHA, 2007 WL 1793774, at *1 (N.D. Cal. June 19, 2007) ("[A] district court may not simply rubber stamp stipulated settlements.").

[3] The listing of topics ought not be construed as exclusive of other topics relevant to preliminary settlement approval in this case.

proposal was negotiated at arm's length.[4]  Fed. R. Civ. P. 23 advisory committee's notes to 2018 amendments.

- "[T]he costs, risks, and delay of trial and appeal" as the parties have not briefed the merits of the claims and, further, the parties' recitations in this regard are fairly general, *see CO Craft, LLC*, 2023 WL 3763525, at *4.[5]

- "[T]he effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii).  The proposed Consent Decree would impose numerous program components and obligations. *See* proposed Consent Decree, ¶¶ 54-95 [Doc. 46-1, pp. 20-35].  The parties must show that the court will likely be able to approve the Consent Decree after considering the effectiveness of these components and obligations as a means of distributing relief.

- "[T]he terms of any proposed award of attorney's fees," because "when considering a fee application as part of a class settlement, courts consider whether the fees are reasonable." *Chavez Rodriguez v. Hermes Landscaping, Inc.*, No. 17-2142-JWB-KGG, 2020 WL 3288059, at *4 (D. Kan. June 18, 2020); *see also* Fed. R. Civ. P. 23(e)(2)(C)(iii).  Plaintiffs' counsel has not provide time records, invoices, or other documents from which the court

---

[4] Rule 23(e)(2)'s "arm's length" factor overlaps with the Tenth Circuit factor requiring the court to consider whether the proposed settlement was fairly and honestly negotiated. *See Lawrence v. First Fin. Inv. Fund V, LLC*, No. 19-CV-00174-RJS-CMR, 2021 WL 3809083, at *6 (D. Utah Aug. 26, 2021).

[5] The court notes that this factor is substantially similar to the Tenth Circuit factors requiring consideration of (1) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt, and (2) whether the value of immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. *Lawrence*, 2021 WL 3809083, at *6; *see also In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 997 F.3d at 1087

may assess the reasonableness of the attorney's fees requested in ¶¶ 101-103 of the proposed Consent Decree.

- The existence of any agreements required to be identified under Rule 23(e)(3);

- Whether the proposal treats class members equitably relative to each other, Fed. R. Civ. P. 23(e)(2)(D); and

- The judgment of all parties that the settlement is fair and reasonable. *See In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 997 F.3d at 1087; Fed. R. Civ. P. 23(e)(2), advisory committee notes to 2018 amendment ("The goal of this amendment is not to displace any [circuit] factors.").

With respect to certification of the proposed class, the court must address, among other things, whether "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), insofar as the factor overlaps with Rule 23(e)'s requirement that the court consider whether the settlement class was adequately represented. *See Chavez Rodriguez*, 2020 WL 3288059, at *2. Further, "Rule 23(b)(2) requires that final injunctive relief be appropriate for *the class as a whole*." *Shook v. Bd. of Cnty. Comm'rs of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008). The parties have not provided sufficient information for the court to assess whether the requirements for class certification are satisfied.[6]

---

[6] Rule 23(a) sets forth four threshold requirements for class certification: (1) the class is so *numerous* that joinder of all members is impracticable [**numerosity**]; (2) there are questions of law or fact *common to the class* [**commonality**]; (3) the claims or defenses of the representative parties are *typical* of the claims or defenses of the class [**typicality**]; and (4) the representative parties will fairly and *adequately protect* the interests of the class [**adequacy**]. *CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014)). Additionally, the party seeking certification must satisfy one of the provisions of Rule 23(b). *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 725 F.3d 1213, 1217 (10th Cir. 2013). Plaintiffs seek class certification pursuant to Rule 23(b)(2), which applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

9

Finally, Rule 23 requires the court to "direct notice in a reasonable manner to *all* class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "The notice requirements of Rule 23 are designed to satisfy due process by providing class members the right to notice of settlement and a right to be heard." *McClendon v. City of Albuquerque*, No. 95-CV-024-JAP-ACT, 2016 WL 9777175, at *8 (D.N.M. June 27, 2016) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)). "Notice, therefore, 'must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *McClendon*, 2016 WL 9777175, at *8 (quoting *Eisen*, 417 U.S. at 174). The parties' proposed class includes "all persons who . . . will be in the future, charged with a crime in Oklahoma state court" and declared incompetent, court-ordered to receive competency restoration services, and incarcerated while awaiting court-ordered competency restoration services. Given the potential breadth of the class, the parties must satisfy the court that the proposed method of notice is reasonably calculated to reach the interested parties.

## Conclusion

WHEREFORE, the Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice to Class [Doc. 46] of plaintiffs Leslie Briggs, as next friend of T.W. and B.S.; Evan Watson, as next friend of C.R.; and Henry A. Meyer, III, as next friend of A.M., for themselves and for others similarly situated, and defendants Allie Friesen, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services and Debbie Moran, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center is set for hearing on Thursday, August 15, 2024 at 9:30 a.m.

On or before July 26, 2024, the parties shall submit any additional documents, briefs, or other information that will "enable [the court] to determine whether to give notice of the proposal to the class."

IT IS SO ORDERED this 24th day of June, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE