IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

LESLIE BRIGGS, as next friend of )
T.W. and B.S., )
EVAN WATSON, as next friend of C.R., )
and )
HENRY A. MEYER, III, as next friend )
of A.M., for themselves and for others )
similarly situated, )
 )
          Plaintiffs, )
 )
vs. )  Case No. 23-cv-00081-GKF-JFJ
 )
ALLIE FRIESEN, in her official capacity )
as Commissioner of the )
Oklahoma Department of Mental Health )
and Substance Abuse Services, and )
DEBBIE MORAN, in her official capacity )
as Interim Executive Director of the )
Oklahoma Forensic Center, )
 )
          Defendants. )

## OPINION AND ORDER

Before the court is the Second Supplement to Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice to Class [Doc. 52] of plaintiffs Leslie Briggs, as next friend of T.W. and B.S.; Evan Watson, as next friend of C.R.; and Henry A. Meyer, III, as next friend of A.M., for themselves and for others similarly situated, and defendants Allie Friesen, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services and Debbie Moran, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center.

### Background/Procedural History

This case relates to Oklahoma's competency restoration system. On March 1, 2023, plaintiffs filed a Class Action Complaint alleging that, due to a lack of forensic beds, persons who

are declared incompetent in Oklahoma state court criminal proceedings are forced to wait prolonged periods of time to receive court-ordered competency restoration treatment services and, during the waiting period, the persons receive little to no mental health treatment. Plaintiffs asserted a claim for violation of Due Process rights secured by the Fourteenth Amendment to the U.S. Constitution, among others, and brought the case as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), defining the proposed class as follows:

> All persons who are now, or will be in the future, charged with a crime in Oklahoma state court and are: (i) declared incompetent by the state court; (ii) incarcerated in a county jail or similar detention facility; (iii) court-ordered to receive restoration services; and (iv) placed on the OFC competency waitlist or who otherwise have not received restoration treatment services within a constitutionally acceptable time.

[Doc. 2, p. 20].

Defendants originally approached this matter "from a traditional defense posture," and filed a motion to dismiss. [Doc. 51, p. 49]. However, after "extensive due diligence," both independently and jointly with plaintiffs, the focus shifted to settlement. [*Id.* at pp. 49-50].

On June 17, 2024, the parties filed the Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice to Class. [Doc. 46]. The proposed settlement consists of a five-year Consent Decree that provides for the development and implementation of a plan "designed to reform and improve the Defendants' delivery of competency evaluations and Restoration Treatment to Class Members, including to reduce significantly the durations of time during which Class Members wait to receive Restoration Treatment." [Doc. 46-1, pp. 7, 12]. The plan consists of a variety of program components, including the development and implementation of a Community-Based Restoration Treatment Pilot Program, designed to provide community-based, outpatient restoration treatment to qualifying class members. [*Id.* at pp. 26-28].

On August 15, 2024, the court held a hearing on the motion. [Doc. 50]. Following argument, the court directed the parties to submit a supplemental brief as to whether the Oklahoma statutory competency scheme—specifically, Okla. Stat. tit. 22, § 1175.6a—permits outpatient restoration treatment services.

On August 21, 2024, the parties submitted the Second Supplement to Joint Motion for Preliminary Approval [Doc. 52].

**Analysis**

As previously stated, the proposed settlement in this matter consists of a consent decree. "A consent decree 'entered in federal court must be directed to protecting federal interests.'" *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1192 (10th Cir. 2018) (quoting *Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). Further, the consent decree must be consistent with governing law. *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525-26 (1986); *McClendon v. City of Albuquerque,* 79 F.3d 1014, 1021 (10th Cir. 1996); *see also Conservation Nw. v. Sherman*, 715 F.3d 1181, 1185 (9th Cir. 2013) ("[A] district court may not approve a consent decree that 'conflicts with or violates' an applicable statute.").[1]

Title 22, section 1175.6a of the Oklahoma Statues provides, in relevant part, as follows:

> If the person is found to be incompetent prior to conviction because he or she is a person requiring treatment as defined in Section 1-103 of Title 43A of the

---

[1] The parties cite *Williams v. Jones,* 571 F.3d 1086, 1088 (10th Cir. 2009), for the proposition that the court is not bound by state law. However, *Williams* was a habeas case that did not relate to imposition of a consent decree and is therefore distinguishable. Further, *Williams* acknowledges that "the remedy 'should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Williams,* 571 F.3d at 1090 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). The proposed Consent Decree includes a wide-range of program components directed to remedying the alleged constitutional violation, only one of which is the Community-Based Restoration Treatment Pilot Program. The parties have not shown that the Community-Based Restoration Treatment Pilot Program is required to remedy the alleged constitutional violation. Accordingly, the parties have not demonstrated that the proposed Consent Decree, as drafted to include the Community-Based Restoration Treatment Pilot Program, is a sufficiently narrowly tailored remedy to warrant disregarding state law. *Williams,* 571 F.3d at 1088; *see also* [Doc. 51, pp. 59-61].

> Oklahoma Statutes, but capable of achieving competence with treatment within a reasonable period of time as defined by Section 1175.1 of this title, the court shall suspend the criminal proceedings and order the Department of Mental Health and Substance Abuse Services to provide treatment, therapy or training which is calculated to allow the person to achieve competency. The Department may designate a willing entity to provide such competency restoration services on behalf of the Department, provided the entity has qualified personnel. The court shall further order the Department to *take custody* of the individual as soon as a forensic bed becomes available, unless both the Department and the county jail where the person is being held determine that it is in the best interests of the person to remain in the county jail. Such competency restoration services shall begin within a reasonable period of time after the court has determined that the person is not competent to stand trial.
>
> The person shall remain *in the custody* of the county jail until such time as the Department has a bed available at the forensic facility unless competency restoration services are provided by a designee of the Department, in which case *custody* of the person shall be transferred to the Department.

Okla. Stat. tit. 22, § 1175.6a(A) (emphasis added). During the August 15, 2024 hearing, the court inquired as to whether § 1175.6a—which refers to "custody"—permits the outpatient restoration treatment services contemplated in the proposed Consent Decree.[2]

Under Oklahoma law, "[t]he primary goal of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language." *Herrera-*

---

[2] During the August 15, 2024 hearing, plaintiffs conceded that the proposed Consent Decree was limited to persons found to be incompetent because the person is a person requiring treatment as defined in Title 43A of the Oklahoma Statutes, but capable of achieving competence with treatment within a reasonable period of time, such that the state district court "shall issue the appropriate order as set forth in Section 1175.6a of [Title 22]." Okla. Stat. tit. 22, § 1175.6(2); [Doc. 51, pp. 47-48]. However, in the Second Supplement to Joint Motion for Preliminary Approval, the parties suggest that "it is not clear that § 1175.6a applies to every class member." [Doc. 52, p. 8]. Having reviewed the proposed Consent Decree, the court notes that it defines both "Restoration Treatment" (including the outpatient, Community-Based Restoration Treatment Pilot Program) and "Custody Order" by reference to § 1175.6a, and, further, requires transportation for competency restoration treatment "consistent with 22 Okla. Stat. § 1175.6a." [Doc. 46-1, pp. 10, 13-14, 32-33, ¶¶ 22, 33, and 85]. Moreover, with respect to the Community-Based Restoration Treatment Pilot Program, the Consent Decree explicitly states: "The Parties recognize that the Department is required by 22 O.S. § 1175.6a to provide appropriate outpatient treatment for competency restoration to qualified individuals . . . ." [Doc. 46-1, p. 27, ¶ 70]. Regardless, the court need not decide whether § 1175.6a applies to every putative Class Member, as it is clear that the statute would apply in some instances and, as previously discussed, the parties have not shown that disregarding state law is warranted with respect to the Community-Based Restoration Treatment Pilot Program.

*Chacon v. State ex rel. Serv. Okla.*, 553 P.3d 20, 21 (Okla. 2023); *see also Washburne v. State*, 548 P.3d 786, 789 (Okla. Crim. App. 2024) ("A fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature."). "If the language in the statute is plain and unambiguous, the legislative intent is deemed to be expressed by the statutory language," *Stricklen v. Multiple Inj. Tr. Fund*, 542 P.3d 858, 865-66 (Okla. 2024), and the court "must apply the plain and ordinary meaning of the words." *Herrera-Chacon*, 553 P.3d at 21; *see also Jackson v. State*, 521 P.3d 807, 810 (Okla. Crim. App. 2022) ("This Court looks first to the plain and ordinary language of a statute to discern legislative intent.").

The parties suggest that the court should construe "custody" to permit the Department to maintain legal custody, rather than physical custody, of the person requiring competency restoration treatment services. [Doc. 52, pp. 9-10]. However, the Oklahoma Court of Criminal Appeals has recognized that the term "custody," in criminal law, "generally denotes imprisonment." *Urbauer v. State*, 744 P.2d 1274, 1275 (Okla. Crim. App. 1987). In fact, § 1175.6a plainly refers to detention (*i.e.*, physical custody), as the statute states "[t]he person shall remain *in the custody* of the county jail until such time as the Department has a bed available at the forensic facility." Okla. Stat. tit. 22, § 1175.6a(A) (emphasis added). "In the custody of the county jail" is commonly understood to refer to physical detention. *See Lockett v. State*, 329 P.3d 755, 758 (Okla. Crim. App. 2014) ("[W]e look first to the language of the statute itself, giving the statutory terms their commonly accepted and understood meaning."). "Traditional canons of statutory construction provide where the same words or terms are used in multiple places within a statute, [the court] will presume those words to have the same meaning throughout, unless there is clear legislative intent to the contrary." *N. Coltrane Cmty. Ass'n v. Bd. of Cnty. Comm'rs of Okla. Cnty.*, 453 P.3d 913, 920 (Okla. Civ. App. 2019) (citing *Walton v. Donnelly,* 201 P. 367 (Okla.

5

1921))[3]; *see also Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) ("[I]dentical words used in different parts of the same act are intended to have the same meaning."). Thus, "custody" is afforded the same meaning throughout § 1175.6a—that is, to require physical custody.[4]

Further, although a prior version of the statute referred to "legal custody," § 1175.6a now provides only that the Department shall "take custody."[5] Okla. Stat. tit. 22, § 1175.6a(A). The statute does not state that the Department shall take "legal custody." In construing a statute, the court "may not add words that are not there" and "[i]f a statute omits a word or phrase, [the court] will presume that is what the Legislature intended." *Frank Bartel Transp., Inc. v. State ex rel. Murray State Coll.*, 540 P.3d 480, 483-84 (Okla. 2023). That is,

> [c]ourts must, if possible, construe a statute to give every word some operative effect and vigorously resist reading words or elements into a statute that do not appear on its face. The legislature expresses its purpose by words. It is for [this court] to ascertain [the meaning of these words]—neither to add nor to subtract, neither to delete nor to distort.

*Okla. City Zoological Tr. v. State ex rel. Pub. Emps. Rels. Bd.*, 158 P.3d 461, 464 (Okla. 2007) (internal footnotes and quotations omitted). Thus, the court cannot add the term "legal" to modify "custody" when such term does not appear in § 1175.6a.

---

[3] Oklahoma Court of Civil Appeals decisions released for publication by the Oklahoma Court of Civil Appeals are not precedential, but "shall be considered to have persuasive effect." Okla. Sup. Ct. R. 1.200(d)(2).

[4] The term "custody," when used with reference to the county jail and which clearly refers to physical custody, is later used in the same sentence with reference to the Department ("in which case *custody* of the person shall be transferred to the Department"). The term "custody" cannot have two separate meanings in the same sentence—that is, physical custody with respect to the county jail, but legal custody with respect to the Department. The court therefore construes the word "custody" to mean the same thing in both instances—physical custody.

[5] Prior to May 11, 2015, § 1175.6a provided that, if a person was found to be incompetent because he or she was a person requiring treatment as defined in Section 1-103 of Title 43A, but capable of achieving competence with treatment, "the court shall suspend the criminal proceedings and commit the person to the *legal custody* of the Department of Mental Health and Substance Abuse Services." Okla. Stat. tit. 22, § 1175.6a(A) (superseded effective May 11, 2015) (emphasis added).

Additionally, § 1175.7, which is also part of the Oklahoma competency statutory scheme, explicitly refers to both "custody" and "legal custody." *See* Okla. Stat. tit. 22, §§ 1175.7(B), (C), (E). The court must avoid "any statutory construction which would render any part of a statute superfluous or useless." *Luna-Gonzales v. State*, 442 P.3d 171, 173 (Okla. Crim. App. 2019). Construing "custody" to include "legal custody" would render § 1175.7(E)'s specific reference to "legal custody" superfluous, and the court declines to adopt such an interpretation. As discussed above, "identical words used in different parts of the same act are intended to have the same meaning." *Sullivan*, 496 U.S. at 484. Thus, because "custody," as used in § 1175.7 clearly requires physical custody, rather than legal custody, the court presumes that "custody" as used in § 1175.6a also connotes physical custody.

Finally, the court notes that "[e]quity requires a federal court fashioning and implementing a consent decree to focus on three factors," including the "'interests of state and local authorities in managing their own affairs,' consistent with the demands of federal law." *Jackson*, 880 F.3d at 1192. Insofar as the parties suggest that § 1175.6a is ambiguous and therefore should be construed to permit outpatient competency restoration treatment, under the circumstances, broadening by judicial order the scope of § 1175.6a to permit community-based restoration treatment services would impermissibly infringe on the interests of state and local authorities in managing their own affairs. Whether Oklahoma should permit outpatient competency restoration treatment services to persons charged with a crime, declared incompetent by a state-court judge, and incarcerated at a county jail or similar detention facility is best left to the judgment of the Legislature, not this court.

For the foregoing reasons, Okla. Stat. tit. 22, § 1175.6a requires that the Department assume physical custody of the person requiring competency restoration services and therefore does not permit outpatient restoration treatment.

**Conclusion**

WHEREFORE, the court concludes that Okla. Stat. tit. 22, § 1175.6a does not permit outpatient competency restoration treatment services and therefore the Community-Based Restoration Treatment Pilot Program provisions of the proposed Consent Decree [Doc. 46-1, pp. 26-28, ¶¶ 68-73] violate Oklahoma law.

IT IS FURTHER ORDERED that, on or before September 13, 2024, the parties may submit an amended proposed Consent Decree to address the court's concern with respect to the Community-Based Restoration Treatment Pilot Program provisions.

IT IS SO ORDERED this 30th day of August, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE