

RECEIVED
SEP 0 3 2024
Gregory K. Frizzell Judge
U.S. DISTRICT COURT

## OKLAHOMA CONTINGENCY REVIEW BOARD
2300 N. LINCOLN BLVD., ROOM 213
OKLAHOMA CITY, OK 73105-4801

| J. Kevin Stitt | Charles McCall | Greg Treat | Rick Rose |
|---|---|---|---|
| Governor of Oklahoma | Speaker of the Oklahoma | President Pro Tempore | Director of the Office of |
| *Chairman* | House of Representatives | of the Oklahoma Senate | Management and |
| | *Member* | *Member* | Enterprise Services |
| | | | *Secretary* |

August 29, 2024

The Honorable Gregory K. Frizzell
United States District Court Judge
Northern District of Oklahoma
333 West Fourth St., Room 411
Tulsa, OK 74103

Karen Perkins
Courtroom Deputy
333 West Fourth St., Room 411
Tulsa, OK 74103
Karen_Perkins@okned.uscourts.gov

*Via First Class Mail and Electronic Delivery (as indicated)*

**Re: Contingency Review Board Notice in *Briggs v. Friesen*, No. 23-cv-081-GKF-JFJ**

Hon. Judge Frizzell,

As Chairman of the Contingency Review Board (the "Board"), I write to notify you of recent developments and concerns related to the above-styled case. As you are aware, the Board's involvement is being triggered under 51 O.S. § 200(A)(1) by the Attorney General entering into a consent decree with Plaintiffs' counsel to settle claims made against Commissioner Allie Friesen of the Department of Mental Health and Substance Abuse ("Department") in the *Briggs* case. As will be more clearly articulated, the consent decree circumvents and rewrites state law, and contrary to representations to this Court,[1] neither the Commissioner nor Board members in attendance at a recent Board meeting ever expressed to the Attorney General approval of the consent decree or a protocol related to this Court's consideration of same.

On August 28, 2024, the Contingency Review Board convened a special meeting for the purpose

---

[1] *See, e.g.*, Transcript of Motion Hearing at 23-24, *Briggs et al. v. Friesen et al.*, No. 23-cv-81 (U.S. Dist. Ct. N.D. Aug. 15, 2024).

1

of discussing the proposed consent decree.[2] During that meeting, the Board heard from Commissioner Friesen. And while the Board hoped to also hear from Attorney General Drummond, he chose not to attend the meeting. The necessarily public discussions[3] revealed several areas of concern for the Board. Although the Board tabled the decision whether to approve the consent decree, the Board authorized me to notify the Court of those concerns through this letter.

First and foremost, the Board is concerned that the proposed consent decree is not in the best interest of the State for at least two reasons: because it circumvents or rewrites Oklahoma law and because it exposes the State to significant and unpredictable financial liabilities, plausibly exceeding $100,000,000.00 over a five-year timeframe. That figure, of course, doesn't account for the distinct possibility that the plan would span beyond five years. Alarmingly, the astronomical figure would represent roughly 35% of the Department's state-appropriated budget in the first year and tens of millions in the years to follow, whereas the population at issue in the consent decree represents 0.1% of the individuals the Department is obligated to serve.

Moreover, the Commissioner shared that implementation of the consent decree would prevent her from fulfilling her legislatively delegated authority and duties, violate state and federal law, and prevent the Department from providing critical jail-based competency restoration services in all but a select number of counties. More specifically, the Board heard that the consent decree prohibits the Department from providing jail-based restoration treatment to individuals outside of the proposed pilot programs in 2 counties. This directly contradicts the Department's duty to provide competency restoration treatment and would almost assuredly cause the Department to violate state court orders, inevitably resulting in contempt penalties or even criminal sanctions. The consent decree also creates arbitrary deadlines for admitting individuals to the Oklahoma Forensic Center without considering the availability of forensic beds. This directly contradicts Oklahoma law, which requires individuals remain in the custody of the county jail until a bed becomes available at the forensic facility.

The Commissioner's concerns take on heightened importance when paired with the excessive fine provisions in the consent decree. Specifically, the Department could be saddled with millions of dollars of fees *each fiscal year* just for failing to comply with the arbitrary maximum allowable wait times. And no assurance has been provided that the fees or fines would be capped. There is also concern that the decree gives unbridled discretion to consultants and lawyers to spend the fees, which improperly encroaches on legislative appropriation and executive administration functions. In addition to the financial impact of fines and fees, the Department will need to spend untold millions of dollars to implement the many programs included in the consent decree. The uncertainty of the total amount of the State's (assuredly significant) financial exposure under the decree causes the Board serious concern.

Second, the Board is concerned that important details surrounding the negotiation and approval of the consent decree were not accurately presented to the Court. For example, Commissioner Friesen made clear in the meeting that she never approved of the consent decree and repeatedly notified the Attorney General that the Department could not comply with the terms of the decree. The Commissioner's latest written notification that she did not approve of the Consent Decree was apparently emailed to the Attorney General the day prior to the recent hearing. The Court does not appear to have been advised of the

---

[2] President Pro Tempore Greg Treat was unable to attend due to unforeseen circumstances.
[3] Pursuant to the Open Meetings Act, no voting member of the Board may discuss the consent decree with other voting members of the Board outside the context of a meeting held in compliance with the Act.

Commissioner's position, which concerns the Board. Moreover, the Court was seemingly told by the Attorney General that individual Board Members agreed the Court should grant preliminary approval of the decree before the Board's approval.[4] The voting Board Members present for the meeting—the Governor and the Speaker of the House—made clear they never agreed with that protocol and still have not approved of the decree. In short, neither the Commissioner's—a named defendant in the lawsuit—nor individual Board members views have been represented or advocated before this Court.

      We appreciate the Court's time and attention to the important matters raised in this letter. Although the Board has not scheduled any further meetings, we will notify the Court if any further action is taken on the *Briggs* proposed consent decree. Should the Court have any additional questions or concerns, Commissioner Friesen, who expressed to the Board serious concerns about continued representation by the Office of the Attorney General, offered that she is willing to share directly with the Court.

                                    Sincerely,

                                      Chairman Governor J. Kevin Stitt
                                      On behalf of the Board

CC:    Attorney General Gentner Drummond Gentner.Drummond@oag.ok.gov
         Paul DeMuro pdemuro@fdlaw.com

---

[4] *See, id.*