IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LESLIE BRIGGS, as next friend of T.W. and B.S.; <br> (2) EVAN WATSON, as next friend of C.R.; and, <br> (3) HENRY A. MEYER, III, as next friend of A.M., for themselves and for others similarly situated, <br><br>             Plaintiffs, <br> v. <br><br> (1) ALLIE FRIESEN, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services; and <br> (2) DEBBIE MORAN, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center, <br><br>             Defendants. | Case No: 23-cv-81-GKF-JFJ |

**THIRD JOINT SUPPLEMENT TO
JOINT MOTION FOR PRELIMINARY APPROVAL**

In accordance with this Court's August 30, 2024 Opinion and Order (Doc. 53), the Parties jointly submit the following proposed modifications to the proposed Consent Decree (Doc. 46-1), to address the Court's ruling that Okla. Stat. tit. 22, § 1175.6(a) does not permit outpatient competency restoration treatment. (Doc. 53, p. 8). The concept behind the proposed modifications is to make the development and implementation of the Community-Based Restoration Treatment Pilot Program contingent upon a future change or clarification in Oklahoma law, either by new legislation or by an opinion of an Oklahoma appellate court, that permits the Department to provide outpatient community-based restoration services. The

Parties believe the proposed modifications, set out below, adequately and directly address the Court's concerns expressed in its August 30, 2024 Opinion and Order (Doc. 53). Accordingly, the Parties jointly request the Court grant preliminary approval of the Consent Decree, as requested in the Parties' prior filings (Docs. 46, 48, and 52), subject to the proposed modifications below.

## Proposed Modifications to Consent Decree

**Paragraph 21 shall be modified as follows, as shown in underline:**

21. "<u>Contingent</u> Community-Based Restoration Treatment Pilot Program" means a new pilot program to be developed and implemented in Tulsa County, Oklahoma County, McIntosh County, and Muskogee County to provide outpatient Restoration Treatment to eligible Class Members who have been judicially determined not to be a substantial risk of harm to themselves or others while in a supervised outpatient community setting by private or public entities, instead of inpatient units of state psychiatric hospitals, other inpatient restoration facilities, jails or detention facilities; as more fully described in Paragraphs 68-73 below<u>; however, the development and implementation of the Contingent Community-Based Restoration Treatment Program is contingent on Oklahoma law permitting, either by new legislation or by an Oklahoma appellate court opinion, the Department to provide outpatient community-based restoration services</u>.

**Current Paragraphs 68-73 of the proposed Consent Decree shall be deleted and replaced with the following new Paragraphs 68-73:**

68. **Contingent Community-Based Restoration Treatment Pilot Program**. The Parties acknowledge the Court's ruling in its August 30, 2024 Opinion and Order (Doc. 53) that Okla. Stat. tit. 22, § 1175.6(a) does not permit outpatient competency restoration treatment. The Parties, nevertheless, believe that the development of a community-based restoration program, including outpatient treatment, will help the Department reduce wait times for Class Members to obtain restoration treatment. Therefore, the Department shall, upon final entry of this Consent Decree, use Best Efforts to obtain passage of Oklahoma legislation that permits the Department to provide community-based outpatient competency restoration services.

69. If, after final entry of the Consent Decree, Oklahoma law, either by new legislation or by an Oklahoma appellate court ruling, permits the Department to provide outpatient community based restoration services, the Defendants shall, within 90 days thereafter, in consultation with Class Counsel and the Consultants, develop and begin to implement a plan, to be approved by the Consultants, for a pilot Community-Based Restoration Treatment Program in Tulsa County, Oklahoma County, McIntosh County and Muskogee County. This Contingent Community-Based Restoration Treatment Pilot Program, if developed, shall include (without limitation) the development of written policies and procedures for Class Members' eligibility and best practices for program implementation, in consultation with the Consultants, the

Department's designated representative and its counsel, Class Counsel, and any other interested stakeholder approved by the Parties.

70. The Parties agree that: (i) certain Class Members who have been judicially determined not to be a substantial risk of harm to themselves and others if treated in a community placement, are amenable to receive community-based restoration treatment in a supervised, outpatient setting; (ii) Class Members amenable to Community Based-Restoration Treatment will avoid unnecessary institutionalization or incarceration, receive treatment in the least restrictive environment and reduce costs to the Department; and (iii) the treatment of amenable Class Members in the community-based restoration program, if implemented, will reduce the need for forensic inpatient beds to provide Restoration Treatment and free up forensic beds for other Class Members.

71. The Parties recognize that the development and implementation of an effective community-based restoration treatment program will require the input and participation of state court judges, prosecutors, and other non-parties to this Consent Decree.

72. At the end of one year after implementation of the Contingent Community-Based Restoration Treatment Pilot Program, if implemented, the Parties, in consultation with the Consultants, the Department's designated representative and its counsel, Class Counsel, and any other interested stakeholders approved by the Parties, will evaluate the data, practices, and outcome of the pilot

program to determine whether, and how, a community-based restoration program may be expanded to other Oklahoma counties.

73. Intentionally left blank.

WHEREFORE, the Parties jointly request the Court grant preliminary approval of the Consent Decree (Doc. 46-1), as requested in the Parties' prior filings (Docs. 46, 48, and 52), subject to the proposed modifications set out above.

RESPECTFULLY SUBMITTED,

/s/ Paul DeMuro
Paul DeMuro, OBA No. 17605
Frederic Dorwart, OBA No. 2436
David W. Leimbach, OBA No. 33310
Frederic Dorwart, Lawyers PLLC
Old City Hall
124 East 4th Street
Tulsa, OK 74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile
pdemuro@fdlaw.com
fdorwart@fdlaw.com
dleimbach@fdlaw.com

Nick Southerland, OBA No. 31234
Brian S. Wilkerson, OBA No. 17165
Oklahoma Disability Law Center, Inc.
2816 E. 51st Street, Suite 300
Tulsa, OK 74105
(918) 743-6220 – telephone
(918) 743-7157 – facsimile
nick@okdlc.org
brian@okdlc.org

***Class Counsel for Plaintiffs***

/s Gentner Drummond
ATTORNEY GENERAL GENTNER
DRUMMOND OBA No. 16645
ERIN M. MOORE, OBA No. 20787
TRACY E. NEEL, OBA No. 33574
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Erin.Moore@oag.ok.gov
Tracy.neel@oag.ok.gov

***Counsel for Defendants***