**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

(1) LESLIE BRIGGS, as next friend of T.W. and B.S.;
(2) EVAN WATSON, as next friend of C.R.; and,
(3) HENRY A. MEYER, III, as next friend of A.M., for themselves and for others similarly situated,

Plaintiffs,

v.

(1) ALLIE FRIESEN, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services; and
(2) DEBBIE MORAN, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center,

Defendants.

Case No: 23-cv-81-GKF-JFJ

**JOINT MOTION FOR PRELIMINARY APPROVAL**
**OF AMENDED CONSENT DECREE**

The Parties jointly move the Court, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, to: (i) preliminarily approve the Amended Consent Decree (attached hereto as Exhibit 1); and (ii) approve the Amended Notice of Proposed Class Action Settlement (attached hereto as Exhibit 2) ("Amended Notice").

**Prior Joint Motions, Supplements and Court Orders Incorporated**

The Parties incorporate by reference the facts, allegations, arguments and authorities of the Parties previously filed in the (i) *Joint Motion for Preliminary Approval of Consent Decree, Class Certification and Plan of Notice to Class* (Doc. 46); (ii) *Supplement to Joint Motion for Preliminary Approval* (Doc. 48); (iii) *Second*

*Supplement to Joint Motion for Preliminary Approval* (Doc. 52); and (iv) *Third Supplement to Joint Motion for Preliminary Approval* (Doc. 55).

The Parties acknowledge and incorporate herein: (i) the Court's prior rulings with respect to preliminary approval of the original Consent Decree (Doc. 46-1), including Doc. 47, Doc. 53, and Doc. 56; and (ii) the Court's comments and rulings at the November 18 status conference. (*See* Doc. 58).

**Developments Since the Court Granted Preliminary Approval**

On September 19, the Court granted preliminary approval of the original Consent Decree (Doc. 56), subject to the Court's required modifications to the Community-Based Restoration Treatment Pilot Program regarding outpatient treatment of Class Members. (*See* Doc. 53, p. 8; Doc. 55). The Court set deadlines for, among other things, the submission of written objections and comments (December. 9), the motion for final approval (December 9) and the fairness and final approval hearing (January 15, 2025 at 9:30 a.m.) (Doc. 56, p. 26).

On October 10, the Court filed a letter from Governor J. Kevin Stitt, on behalf of the Contingency Review Board ("CRB"), notifying the Court that the CRB had voted to disapprove the original Consent Decree. (Doc. 57). On November 1, the Court conducted a status conference, at which the Court queried the Parties as to the impact of the CRB's disapproval vote on the final approval proceedings. At Plaintiffs' suggestion, the Court ordered the Parties, including the Governor's recently hired counsel, Hall Estill, to participate in a settlement conference with Adjunct Settlement Judge Lane Wilson on November 13. (Doc. 78).

Judge Wilson conducted a settlement conference on November 13, at which the Parties, and the Governor, agreed to certain modifications to the original Consent Decree. The Parties, and the Governor, agreed to use their best efforts to obtain expedited approval of the modified Consent Decree by either the CRB or the Oklahoma Legislature. (*See* Doc. 82). This Motion seeks the Court's preliminary approval of the Consent Decree as modified by the Parties' settlement agreement achieved at the November 13 settlement conference.

**Modifications to Original Consent Decree**

Setting aside clerical changes,[1] and the Court-approved changes to the outpatient treatment component of the Community Based Restoration Treatment Pilot Program,[2] the Parties (and the Governor) agreed to the following changes to the original Consent Decree.

Paragraphs 17 and 20 (Class Counsel). David Leimbach of Frederic Dorwart, Lawyers PLLC is added as Class Counsel.

Paragraph 18 ("Best Efforts"). This definition is modified to allow Defendants, under limited circumstances, to cite a lack of legislative funding to excuse a failure to use Best Efforts. In redline form, the changes to Paragraph 18 are as follows:

---

[1] For example, hearing dates and docket numbers of filings that were previously left blank were filled in, and page numbers in the Table of Contents were adjusted to match the new pagination. *See, e.g.*, Ex. 1, ¶ 8 (adding date of hearing on preliminary approval). Also, trivial typos were corrected.

[2] The Court approved changes to Paragraphs 21, and 68 to 73 as proposed in the Parties' *Third Supplement to Joint Motion for Preliminary Approval*, Doc. 55. (Doc. 56, p. 26). The Amended Consent Decree incorporates those previously approved changes.

> 18. "Best Efforts" means taking reasonable steps, actions and measures, consistent with best professional standards, practices and guidelines to accomplish or bring about the intended and described result. Defendants may not use lack of ~~funding as an excuse for a failure to use "Best Efforts."~~ legislative funding as an excuse for a failure to use "Best Efforts," unless the Department first demonstrates that: (i) the Department used good faith efforts to obtain the needed legislative funding; (ii) separate and apart from the claimed funding deficiency, the Department otherwise took reasonable steps, actions, and measures, consistent with best professional standards, practices and guidelines to accomplish or bring about the intended and described result; and (iii) the lack of legislative funding must outweigh collectively all other causes of a failure of Best Efforts.

Paragraph 30 (the Plan). One sentence is added at the end of Paragraph 30, clarifying that Class Counsel's consultation role throughout the Consent Decree "shall not include their participation in clinical decision-making, yet instead is a means for Class Counsel to fulfill ethical obligation to the Class and to the Court."

Paragraph 31 (Qualified Forensic Evaluator). One sentence is added, clarifying that "[n]othing in this Paragraph is intended to implicate the Oklahoma Administrative Procedures Act, namely 75 O.S. § 314."

Paragraph 53 (dealing with Consultant's compensation). The following sentence is added at the end of Paragraph 53 requiring the Parties to confer about a budget for Consultants' expenses:

> On or before December 31 of the first full year after final entry of the Consent Decree by the Court, and every calendar year thereafter, the Department and the Consultants shall in good faith confer to develop and propose a budget for the activities of the Consultant for the next following calendar year; provided such budget shall not be deemed a cap on the appropriate and reasonable Consultant fees actually incurred.

Paragraphs 58, 59, 60 and 61 (cessation of alleged statewide jail-based restoration program). Modifications to these paragraphs were made, in general, to

clarify that the Department may provide restoration treatment to Class Members in jail, with the Consultant's monitoring and approval, notwithstanding the requirement to cease operating the Department's alleged statewide jail-based restoration program. The changes to Paragraphs 58, 59, 60, are reflected in redline below:

58. **Cessation of** ~~**Current State-Wide In-Jail Restoration Program.** Plaintiffs dispute that Defendants ever implemented a legitimate state-wide competency restoration program consistent with generally accepted professional forensic standards. Within sixty (60) days after the Court enters this Consent Decree, the~~**Past State-Wide In-Jail Restoration Program.** The Department shall wind down and cease operating its alleged state-wide in-jail competency restoration program~~, with the exception of the In-Jail Restoration Pilot Program, as defined herein (see Paragraphs 74-76).~~ as it existed on the date the Lawsuit was filed. The Department shall ensure that the medical and mental health needs of Class Members involved in the alleged state-wide in-jail restoration program when this Consent Decree is entered are protected and not harmed by the cessation of the alleged state-wide in-jail restoration program under this Paragraph 58. Class Members, if any, who are already receiving ~~medication~~competency restoration treatment services as part of existing mental health services when this Consent Decree is entered will continue to receive ~~medication.~~such treatment. The Parties acknowledge that the Sheriff of Tulsa County may be willing to dedicate a pod or pods of beds located within the Tulsa County Jail's campus for the Department to use for competency Restoration Treatment under this Paragraph, contingent, however, on the Department entering into a contract with the jail's governing authority in which the Department agrees to take exclusive responsibility for the Restoration Treatment program in the dedicated pods~~, including legal custody of Class Members who are placed in the pod(s) for Restoration Treatment~~.

59. Nothing in this Consent Decree shall be construed as preventing the Department from providing Class Members in county jails with ~~necessary and appropriate medications, and related mental health treatment, as prescribed by a medical professional and other mental health services in accordance with 22 Okla. Stat. § 1175.6a.~~ treatment, therapy, or training which is calculated to allow any Class Members to achieve competency in accordance with 22 Okla. Stat. § 1175.6a, so long as such treatment, therapy and training are consistent with generally accepted professional forensic standards, as reviewed and approved by the Consultants. Any Class

Member allegedly receiving such restoration treatment in jail is still subject to the Maximum Allowable Wait Times unless and until the Consultants verify that the Department has provided (or is providing) continuous legitimate, professionally acceptable restoration treatment to the Class Member.

60. The Department shall redirect the resources previously expended on its past alleged state-wide in jail restoration program to the other elements of the Plan, including but not limited to the In-Jail Restoration Pilot Program~~.~~ ~~Notwithstanding anything to the contrary in this Paragraph 60, the Department may, in good faith, provide enhanced mental health services to Class Members while still incarcerated in jail, provided that the Maximum Allowable Wait Times still apply to any Class Members receiving such enhanced mental health services. Such enhanced mental health services may be subject to the approval of the jails' governing authority or the jails' authorized mental health providers.~~ and the in-jail competency restoration services as permitted by the preceding paragraphs 58 and 59 of this Consent Decree.

61. The Parties recognize that some Class Members may be restored to competency based upon enhanced mental health services, including in jail competency restoration services under paragraphs 58 and 59…

Paragraph 63 (Forensic Inpatient Facilities and Staffing). The 90-day time period in which the Department must develop a staffing plan for the Oklahoma Forensic Center is enlarged to 120 days.

Paragraph 74 (In-Jail Competency Restoration Pilot Program). The final sentence of this Paragraph was deleted to harmonize with changes to Paragraph 58.

Paragraphs 96 and 98 (dispute resolution provisions). A sentence was added to Paragraph 96 to include among the list of issues the Parties may submit to the Consultants for mediation disputes arising from "the budget or the fees of the Consultants." Modifications are made to Paragraph 98 to clarify that the Court may shift fees to the Plaintiffs for unsuccessful motions to review Consultants' Decisions, only if the Court determines the motion is "frivolous," and excluding from the $75,000

annual cap on Plaintiffs' attorney fees any prevailing party fees awarded to Plaintiffs for successful motions to review Consultants' Decisions.

Paragraph 106 (Term of the Consent Decree). A sentence is added at the end of Paragraph 106 to permit the Department to apply to the Court for early termination of the Consent Decree if the Consultants determine, no earlier than three years after entry of the Consent Decree, that "the Department has achieved substantial compliance with the Plan for nine consecutive months."

Based on the Parties' previously filed arguments and authorities, the Parties stipulate that the modifications to the original Consent Decree enhance the suitability for preliminary approval under Rule 23(e). All of the modifications: (i) were negotiated at arms' length at an intense settlement conference that lasted 11 hours; (ii) treat all Class members equally; (iii) provide additional benefits and protections for the Class with respect to the provision of jail-based restoration treatment; and (iv) render legislative or CRB approval, and therefore, final approval by this Court far more likely. Fed. R. Civ. P. 23(e). The Court, therefore, should grant preliminary approval of the Amended Consent Decree (Ex. 1).

**Plan to Re-Notice Class and Adjust Deadlines**

Rule 23 requires that notice of a proposed class settlement be directed "in a reasonable manner to all class members." Fed. R. Civ. P. 23(e)(1)(B). Notice "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tennille v. W. Union Co.*, 785 F.3d 422, 436 (10th Cir. 2015). Neither

Rule 23, nor controlling case law, dictates a specific timeframe in which notice must be dispatched.

In accordance with the Court's instructions at the November 18 status conference, the Amended Notice will include: (i) a statement that the Consent Decree has been modified; (ii) a brief statement of the notable changes; (iii) a statement of the new deadlines for submitting comments or objections; and (iv) a statement that the fairness and final approval hearing remains on January 15, 2025 at 9:30 am. The proposed form of the Amended Notice is attached as Exhibit 2. Plaintiffs will serve the Amended Notice to the same persons/entities, in the same manner, as the Court previously ordered for the original notices. (*See* Doc. 56, p. 26).

**Requested Relief**

Based on the foregoing, the Parties jointly request the Court:

(i) preliminarily approve the Amended Consent Decree (attached hereto as Exhibit 1); and

(ii) approve the form of the Amended Notice of Proposed Class Action Settlement (attached hereto as Exhibit 2), to be served in accordance with the schedule set by the Court at the November 18 status conference (see Doc. 85).

RESPECTFULLY SUBMITTED,

/s/ Paul DeMuro
Paul DeMuro, OBA No. 17605
Frederic Dorwart, OBA No. 2436
David W. Leimbach, OBA No. 33310
Frederic Dorwart, Lawyers PLLC
Old City Hall
124 East 4th Street
Tulsa, OK 74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile
pdemuro@fdlaw.com
fdorwart@fdlaw.com
dleimbach@fdlaw.com

Nick Southerland, OBA No. 31234
Brian S. Wilkerson, OBA No. 17165
Oklahoma Disability Law Center, Inc.
2816 E. 51st Street, Suite 300
Tulsa, OK 74105
(918) 743-6220 – telephone
(918) 743-7157 – facsimile
nick@okdlc.org
brian@okdlc.org

***Class Counsel for Plaintiffs***

/s Gentner Drummond
ATTORNEY GENERAL GENTNER
DRUMMOND OBA No. 16645
ERIN M. MOORE, OBA No. 20787
TRACY E. NEEL, OBA No. 33574
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Erin.Moore@oag.ok.gov
Tracy.neel@oag.ok.gov

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 19th day of November, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Paul DeMuro