IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LESLIE BRIGGS, as next friend of T.W. and B.S.; <br> (2) EVAN WATSON, as next friend of C.R.; and, <br> (3) HENRY A. MEYER, III, as next friend of A.M., for themselves and for others similarly situated, <br><br>           Plaintiffs, <br> v. <br><br> (1) ALLIE FRIESEN, in her official capacity as Commissioner of the Oklahoma Department of Mental Health and Substance Abuse Services; and <br> (2) DEBBIE MORAN, in her official capacity as Interim Executive Director of the Oklahoma Forensic Center, <br><br>           Defendants. | Case No: 23-cv-81-GKF-JFJ |

**JOINT MOTION FOR FINAL APPROVAL AND ENTRY
OF AMENDED CONSENT DECREE**

The Parties jointly move the Court for final approval and entry of the Amended Consent Decree (attached hereto as Exhibit 1) as the judgment of this Court. As described below (*infra*, pp. 9-10), the Contingency Review Board was not able, as a matter of Oklahoma law, to convene before the January 15 final-approval hearing, due to the timing of the settlement agreement that led to the Amended Consent Decree. The Parties will obtain legislative approval of the Amended Consent Decree as expeditiously as possible after the Oklahoma Legislature convenes on February 3, 2025. The Parties, therefore, request the Court proceed with the January 15 final-approval hearing and grant final approval of the Amended Consent Decree,

contingent on the subsequent condition that the Parties obtain legislative approval. Class Counsel has already twice given Notice to Class Members and numerous stakeholders advising of their right to appear at the January 15 final-approval hearing. Striking the January 15 hearing at this late date may disrupt plans of Class Members and stakeholders to appear, and would cause additional delay and expense associated with sending a third Notice advising of a reset final-approval hearing date.[1]

**Incorporation of Prior Joint Motions, Supplements and Court Orders**

The Parties incorporate by reference, as if fully stated herein, the facts, allegations, arguments, exhibits and authorities contained in their previously filed: (i) *Joint Motion for Preliminary Approval of Consent Decree, Class Certification and Plan of Notice to Class* (Doc. 46); (ii) *Supplement to Joint Motion for Preliminary Approval* (Doc. 48); (iii) *Unopposed Supplemental Motion for Preliminary Approval of Attorney Fees in Support of Joint Motion for Preliminary Approval of Consent Decree* (Doc. 49); (iv) *Second Supplement to Joint Motion for Preliminary Approval* (Doc. 52); (v) *Third Supplement to Joint Motion for Preliminary Approval* (Doc. 55); (vi) *Joint Status Report* (regarding the November 13 settlement conference) (Doc. 84); and (vii) *Joint Motion for Preliminary Approval of Amended Consent Decree* (Doc. 86).

The Parties acknowledge and incorporate herein: (i) the Court's prior rulings with respect to preliminary approval of the original Consent Decree (Doc. 46-1),

---

[1] The Parties provided the Governor's counsel, who have appeared in this action (Hall Estill), an opportunity to review and comment on this motion before filing. Hall Estill concurs with the approach stated above.

including Doc. 47, Doc. 53, and Doc. 56; (ii) the Court's comments and rulings at the November 18, 2024 status conference (*see* Doc. 58); and (iii) the Court's prior rulings with respect to preliminary approval of the Amended Consent Decree (Doc. 87).

## Procedural History

On June 17, 2024, the Parties filed their *Joint Motion for Preliminary Approval of Consent Decree, Class Certification, and Plan of Notice* (Doc. 46). After several supplemental filings and interim orders, on September 19, 2024, the Court granted preliminary approval of the original Consent Decree (Doc. 56), subject to the Court's required modifications to the Community-Based Restoration Treatment Pilot Program provisions regarding outpatient treatment of Class Members. (*See* Doc. 53, p. 8; Doc. 56). The Court also, preliminarily, certified the Class,[2] appointed Class Counsel, and ordered notice to be given as described in the Parties' joint motion for preliminary approval (Doc. 46, pp. 12-14), also requiring the *Notice* include the specific amount of attorney fees sought by Class Counsel. (Doc. 56, p. 25). Additionally, the Court ordered the Notice be emailed to the Criminal Law Section of the Oklahoma Bar Association. (*Id.* at 26).

---

[2] The Class is defined as: All persons who are now, or will be in the future, charged with a crime in Oklahoma State court and are: (i) declared incompetent to stand trial by the state court; (ii) court-ordered to receive competency restoration services by the [Department of Mental Health and Substance Abuse Services] or its designees; (iii) incarcerated in a county jail or similar detention facility while their criminal cases are stayed; and (iv) awaiting court-ordered competency restoration services to be provided by the Department or its designees, whether or not placed on a competency waitlist maintained by the Department or its designees.

On October 10, 2024, the Court filed a letter from Governor J. Kevin Stitt, on behalf of the Contingency Review Board ("CRB"), notifying the Court that the CRB had voted to disapprove the original Consent Decree. (Doc. 57).

On November 1, 2024, the Court conducted a status conference, at which the Court queried the Parties as to the impact of the CRB's disapproval vote on the final-approval proceedings in this Court. At Plaintiffs' suggestion, the Court ordered the Parties, including the Governor's recently hired counsel, Hall Estill, to participate in a settlement conference with Adjunct Settlement Judge Lane Wilson on November 13, 2024. (Doc. 78).

On November 13, 2024, Adjunct Settlement Judge Lane Wilson conducted an 11-hour settlement conference at which the Parties, and the Governor, agreed to certain modifications to the original Consent Decree that, when included, became the Amended Consent Decree, which is the subject of this Motion. The Parties, and the Governor, agreed to use their best efforts to obtain expedited approval of the Amended Consent Decree by either the CRB or the Oklahoma Legislature. (*See* Doc. 82).

On November 18, 2024, the Court conducted a status conference, at which the Court directed Class Counsel to serve amended notices and to file a motion for preliminary approval of the Amended Consent Decree. (*See* Doc. 85). On November, 19, 2024, the Parties filed their *Joint Motion for Preliminary Approval of Amended Consent Decree*, which described the modifications to the original Consent Decree. (Doc. 86).

On November 20, 2024, the Court granted preliminary approval of the Amended Consent Decree. (Doc. 87). The Court added David Leimbach as Class Counsel. The Court found that the *Amended Notice of Proposed Class Action Settlement* (*see* Doc. 82-2), which summarized the modifications to the original Consent Decree, was "fair and reasonable" and apprised "interested parties" of the pendency of the action and their right to present objections. (Doc. 87, p. 11) (quoting *Tennille v. W. Union Co.*, 785 F.3d 422, 436 (10th Cir. 2015)). The Court approved the manner and method of dispatching the *Amended Notice* proposed by the Parties – *i.e.*, sending the *Amended Notice* to the same interested parties as the Court ordered with the original *Notice*. (Doc. 87, p. 12).

### Certification of Compliance with Notice Requirements

Rule 23 requires that notice of a proposed class settlement be directed "in a reasonable manner to all class members." Fed. R. Civ. P. 23(e)(1)(B). Notice "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tennille,* 785 F.3d at 436. Rule 23(e)(5)(a) provides that "any class member may object" to a consent decree entered under Rule 23(e). Given the Class Members' legal status in their state court criminal proceedings (*i.e.,* incompetent to stand trial), Class Counsel proposed that the *Notice* of the original Consent Decree not only be sent to the Class Members, but also to: (i) the Class Members' state-court defense attorneys and guardians *ad litem* (to be shared with known family members of the Class Members); (ii) all District Attorneys, Chief Public Defenders, and the

5

Executive Director of Oklahoma's Indigent Defense System; and (iii) the Clerks of all Oklahoma District Courts. (Doc. 46, pp. 13-14).

The Court, in its order preliminarily approving the original Consent Decree, ordered that the original *Notice* also be emailed to the Criminal Law Section of the Oklahoma Bar Association. (Doc. 56, p. 26). The Court set September 30, 2024 as the deadline to email or mail the original *Notice*. (*Id.*).

Class Counsel retained the services of JND Legal Administration ("JND"), a nationally recognized class-action claims administrator,[3] to send the *Notice* to all required recipients (other than the Criminal Law Section of the Oklahoma Bar) and to track responses. JND also designed and hosted a case website on which the Consent Decree, Amended Consent Decree, important court orders and other case documents were posted, and which included a link for visitors to provide comments on the Consent Decree.[4]

Class Counsel hereby certifies that, on or before the September 30 deadline, Class Counsel: (i) through JND, issued the original *Notice* to all required persons; and (ii) emailed the Notice to the Criminal Law Section of the Oklahoma Bar Association, all as directed by this Court. (Doc. 56, p. 26).

In its order preliminary approving the Amended Consent Decree, the Court set a December 4, 2024 deadline to dispatch the *Amended Notice* in the same manner and to the same parties as the original Notice. (Doc. 87, p. 12). Class Counsel hereby

---

[3] *See* https://www.jndla.com/class-action-administration.
[4] *See* https://www.okcompetencyrestoration.com.

certifies that, on or before the December 4 deadline, Class Counsel: (i) through JND, issued the *Amended Notice* to all required persons; and (ii) emailed the *Amended Notice* to the Criminal Law Section of the Oklahoma Bar Association, all as directed by this Court. (*Id.*)

**Summary of Objections and Comments to Amended Consent Decree**

Class Counsel has filed a *Notice of Written Objections and Comments* (Doc. 97) summarizing the written comments obtained by Class Counsel in response to the *Notice* and *Amended Notice*. That filing is incorporated herein by reference. A total of 53 people provided written comments to the original and amended *Notices*, 46 of which are Class Members.[5] Viewing the written comments in a light most favorable to potential objectors, only one potential objection was made. One Class Member (Doc. 96, No. 47) stated that he has no objection to the "original ruling," but that he "feel(s) that the 'good faith' exceptions allow defendant to squirl [sic] out of any monetary losses they may have in past & future misdeeds." (*Id.*). Class Counsel believes this comment *may* refer to the "Best Efforts" provision of the Amended Consent Decree (Paragraph 18), which was amended to provide:

> "Best Efforts" means taking reasonable steps, actions and measures, consistent with best professional standards, practices and guidelines to accomplish or bring about the intended and described result. Defendants may not use lack of legislative funding as an excuse for a failure to use "Best Efforts," unless the Department first demonstrates

---

[5] Two of the comments (Nos. 51 and 53), were postmarked after the December 30 deadline (*see* Doc. 87, p. 12); however, the Parties have no objection to waiving the deadline for those two comments. Six of the seven responders who are not Class Members are state-court defendants incarcerated in county jails who have not been declared incompetent to stand trial. The other non-Class Member responder is Tulsa County District Attorney Stephen A. Kunzweiler. (Doc. 95-2).

7

that: (i) the Department used good faith efforts to obtain the needed legislative funding; (ii) separate and apart from the claimed funding deficiency, the Department otherwise took reasonable steps, actions, and measures, consistent with best professional standards, practices and guidelines to accomplish or bring about the intended and described result; and (iii) the lack of legislative funding must outweigh collectively all other causes of a failure of Best Efforts.

Class Counsel believes the lone potential objector may be concerned that the exception to the "Best Efforts" standard with which Defendants must comply unreasonably grants Defendants room to "squirl out of" their obligations under the Amended Consent Decree. While Class Counsel understands the concern (assuming that *is* the concern), the modification to the Best Efforts provision: (i) was required to secure the approval of the Governor and the individual Defendants; (ii) imposes a high substantive burden *on Defendants* to demonstrate the three enumerated exception factors; and (iii) is reasonable given that it's conceivable (although not certain) that successful compliance with certain limited aspects of the Consent Decree may, to some degree, be influenced by legislative funding (*e.g.*, adding new forensic hospital beds to treat Class Members).

Tulsa County District Attorney Stephen A. Kunzweiler has submitted an insightful commentary on the Amended Consent Decree and the Department's delivery of mental health services in general. (Doc. 95-2). Mr. Kunzweiler has

confirmed with Class Counsel that he supports the Amended Consent Decree and his written commentary should not be construed as an objection.[6]

## Legislative Approval

Under 51 O.S. § 200(A), approval of the Amended Consent Decree by the Oklahoma Legislature when in session, or by the Contingency Review Board when the Legislature is not in session, is required before the Court can grant final approval. Per the terms of the Parties' November 13, 2024 settlement, the Parties and the Governor agreed to use their best efforts to obtain approval of the Amended Consent Decree by either the CRB or the Oklahoma Legislature. (Doc. 82). Convening the CRB immediately after the November 13 settlement conference was not feasible because the terms of office of two of the three voting members of the CRB, the Speaker and the President Pro Tem, had expired. The Attorney General promptly issued a written request to the Governor to convene the CRB on January 7, 2025, the day the incoming Speaker and President Pro Tem are officially sworn in. (*See* Ex. 2, Nov. 15, 2024 letter from G. Drummond).

On January 8, 2025, the Governor's Office advised the Parties that, upon further review, the CRB could not be convened on or after January 7 because, under Oklahoma's Constitution,[7] the regular session of the Legislature is deemed to begin on January 7, followed by a recess until the first Monday in February. (*See* Ex. 3,

---

[6] Class Counsel sought Mr. Kunzweiler's input, as a key stakeholder, early in the Consent Decree drafting process. Class Counsel is grateful for Mr. Kunzweiler's dedication to improving the quality and timeliness of mental health services provided to Class Members and to other state-court criminal defendants.

[7] Okla. Const. art V, § 26.

Jan. 8, 2025 letter of B. Lepak).  The Parties, therefore, must obtain legislative approval from the full Legislature on or after February 3, 2025.  *Id*.  Given that the Governor, the Attorney General, and the Defendants all support the Amended Consent Decree, and have committed to use their best efforts to obtain approval, the Parties believe such approval is likely to be obtained expeditiously after the Legislature reconvenes on February 3.

The Parties request the Court proceed with the January 15 final-approval hearing and grant final approval of the Amended Consent Decree, subject to the condition subsequent that the Parties obtain legislative approval.  Class Counsel has already twice provided Notice to Class Members and numerous stakeholders advising of their right to appear at the January 15 final-approval hearing.  The remedial measures provided by the Amended Consent Decree are badly needed and constitutionally required, as Class Members languish in county jails without proper mental health treatment.  Striking the January 15 hearing at this late date may disrupt the plans of Class Members and stakeholders to appear, and would cause additional delay and expense associated with sending a third Notice advising of a reset final-approval hearing date.

### The Amended Consent Decree Complies with Rule 23(e)

The Parties have agreed to the terms of the Amended Consent Decree, as evidenced by their counsel's signatures thereon (*see* Ex. 1). As the Court has previously observed, the individual Defendants, Commissioner Friesen and Interim Director Moran, in their official capacities, through their independent counsel

represented in open court that the individual Defendants agree with the Amended Consent Decree. (Doc. 87, p. 10). The Parties, therefore, stipulate that, based on this Motion and the incorporated previous filings, the Amended Consent Decree is "fair, reasonable and adequate" to the Class in consideration of the factors enumerated in Rule 23(e).[8]

In preliminarily approving the Amended Consent Decree, this Court carried forward its determination that the Class satisfied the certification requirements contained in Rule 23(a) and Rule 23(b)(2) and that appointment of Class Counsel was proper under Rule 23(g)(1). (Doc. 87, pp. 5-7). Nothing has occurred that undercuts the Court's prior findings or prevents the Court from finalizing Class certification and appointment of Class Counsel. Similarly, nothing has occurred since the Court preliminarily approved the Amended Consent Decree in accordance with the Rule 23 factors and controlling Tenth Circuit authority (*id*. at 7-11) that undermines the Court's prior rulings. The Court, therefore, can confidently grant final approval of the Amended Consent Decree and enter it as the judgment of the Court.

---

[8] Other than the Amended Consent Decree, the Parties have not entered into any agreements related to the subject matter embraced therein. Rule 23(g)(3).

11

## **Requested Relief**

Based on the foregoing, the Parties jointly request that Court, in accordance with Rule 23(g):

(i) Find that the Amended Consent Decree is fair, reasonable and adequate to the Class;

(ii) Grant final certification of the Class;

(iii) Grant final appointment of Class Counsel;

(iv) Approve the Amended Consent Decree (Ex. 1), subject to the condition subsequent that the Parties obtain legislative approval of the Amended Consent Decree and, upon notice of such approval, the Court enter the Amended Consent Decree as a judgment; and

(v) Grant any other relief deemed appropriate under the circumstances.

*[Signature blocks on next page.]*

RESPECTFULLY SUBMITTED,

/s/ Paul DeMuro
Paul DeMuro, OBA No. 17605
Frederic Dorwart, OBA No. 2436
David W. Leimbach, OBA No. 33310
Frederic Dorwart, Lawyers PLLC
Old City Hall
124 East 4th Street
Tulsa, OK 74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile
pdemuro@fdlaw.com
fdorwart@fdlaw.com
dleimbach@fdlaw.com

Nick Southerland, OBA No. 31234
Brian S. Wilkerson, OBA No. 17165
Oklahoma Disability Law Center, Inc.
2816 E. 51st Street, Suite 300
Tulsa, OK 74105
(918) 743-6220 – telephone
(918) 743-7157 – facsimile
nick@okdlc.org
brian@okdlc.org

***Class Counsel for Plaintiffs***

/s Gentner Drummond
ATTORNEY GENERAL GENTNER
DRUMMOND OBA No. 16645
ERIN M. MOORE, OBA No. 20787
TRACY E. NEEL, OBA No. 33574
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Erin.Moore@oag.ok.gov
Tracy.neel@oag.ok.gov

***Counsel for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 9th day of January, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Paul DeMuro