# Exhibit 3



J. Kevin Stitt
Office of the Governor
State of Oklahoma

January 8, 2025

The Honorable Gentner Drummond
Attorney General, State of Oklahoma
gentner.drummond@oag.ok.gov

Paul DeMuro
FREDERIC DORWART, LAWYERS PLLC
pdemuro@fdlaw.com

William "Bill" W. O'Connor
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.

Re: *Briggs, et al. v. Friesen*; Case No. 23-cv-00081-GFKF-JFJ; United States District Court for the Northern District of Oklahoma; Consent Decree Approval Process

Attorney General Drummond, Mr. DeMuro, and Mr. O'Connor,

    I write regarding the approval process for the consent decree agreed upon to resolve the above-captioned litigation. Specifically, I write to inform you that under Oklahoma law—and contrary to the Attorney General's letter dated November 15, 2024 requesting a Contingency Review Board meeting between January 7, 2025 and January 15, 2025—the consent decree will have to be approved by the Oklahoma Legislature, not the Contingency Review Board (CRB).

    As detailed in 51 O.S. § 200(A)(1), consent decrees involving claims against the State of Oklahoma must be approved either by the Oklahoma State Legislature, when it is in regular session, or by the Contingency Review Board (CRB), when the Legislature is not in regular session.

    As you know, the CRB has been unable to meet to consider the consent decree since the completion of the November 13, 2024, settlement conference due to the CRB having only one active member, the Governor, during that period. The terms of office for the previous Speaker of the House and President Pro Tem of the Senate—the other two CRB members—expired immediately after the conclusion of the settlement conference and the newly elected Speaker and Pro Tem were not yet sworn in.

As we worked to secure a CRB meeting date within the January 7th to January 15th time period the Attorney General requested, we became aware that Oklahoma law requires the Legislature, not the CRB, to approve the consent decree, as I describe below. I acknowledge that we agreed at the conclusion of the settlement conference we would use our best efforts to convene a CRB meeting in a timely manner, and I can attest that we have, indeed, proceeded as though a CRB meeting would be the avenue for approval of the consent decree. As recently as yesterday we were still seeking dates that would work for the Governor, the Speaker, and the Pro Tem.

However, yesterday, January 7, 2025, was the legislature's constitutionally-mandated organizational day. The Oklahoma Constitution provides that "[t]he Legislature shall meet in regular session at the seat of government at twelve o'clock noon on the first Monday in February of each year[,]" but further details that:

> The Legislature shall also meet *in regular session* at the seat of government on the First Tuesday after the First Monday in January of each odd numbered year, beginning at twelve o'clock noon for the purposes only of performing the duties as required by Section 5 of Article VI of the Constitution and organizing pursuant to the provisions of this Article . . . .

OKLA. CONST. art. V, § 26 (emphasis added). Then, the Legislature "shall recess not later than five o'clock p.m. of that same day until the following first Monday in February of the same year, beginning at twelve o'clock noon." *Id.*

Thus, under the plain and unambiguous language of the Oklahoma Constitution, the regular session begins in odd numbered years on the First Tuesday after the First Monday in January. That is, regular session of the legislature began yesterday, January 7, 2025, and will continue until the legislature adjourns sine die in May.

This conclusion is also reinforced by Attorney General Opinion 2001-08. There, Representative Gray asked the Attorney General whether "the Legislature's organization day in January [is] considered to be the first day of the Legislature's regular session for purposes of determining the expiration of emergency rules?" The Attorney General answered, unambiguously, that "[a]lthough the actions that can be taken on that day are limited to 'performing the duties as required by Section 5 of Article VI of the Constitution and organizing pursuant to the provisions of this Article,' the Legislature is in 'session.'" 2001 OK AG 8, ¶ 2 (citation omitted). When determining whether the organizational day counts as a legislative day, the Attorney General again opined that "[s]ince the Legislature is in session on the organization day, the day is a legislative day." *Id.* at ¶ 4.

Here, the Oklahoma State Legislature gaveled in for the "First Legislative Day" of the "First Regular Session of the Sixtieth Legislature" on January 7, 2025. *See, e.g.,* OKLA. SENATE, *Senate Journal* (Jan. 7, 2025) p. 1, https://oksenate.gov/sites/default/files/2025-01/sj20250107_2.pdf; OKLA. HOUSE OF REPS., *Jan. 7, 2025 Live House Proceedings*, https://sg001-harmony.sliq.net/00283/Harmony/en/PowerBrowser/PowerBrowserV2/20250107/-1/54733 (*see* chevron reading "First Regular Session" "Legislative Day: 1"). The Senate Journal further reflects that "Pursuant to Article V, Section 26, of the Constitution of the State of Oklahoma, the Senate of the First Session of the Sixtieth Legislature assembled in its Chamber at 12:00 p.m." *Senate Journal supra* at 1. And at 12:00 p.m., Representative Stan May stated: "I hereby call the First Regular Session of the House of Representatives for the Sixtieth Oklahoma Legislature to order." *Jan. 7, 2025 Live House Proceedings supra.*

Accordingly, as of January 7, 2025, the Legislature is in its regular session. And because any consent decree covered under 51 O.S. § 200 must be approved by "the Oklahoma State Legislature when it is in regular session," the Legislature—not the Contingency Review Board—now has the authority to approve consent decrees.

Furthermore, because the Oklahoma Constitution requires the Legislature to recess on its first legislative day and continue that recess until the following first Monday in February, and the Legislature here did recess on January 7, 2025 until February 3, 2025 (*see Senate Journal supra* at 62; *Jan. 7, 2025 Live House Proceedings supra* at 3:42 p.m.), the Legislature cannot take up the approval of a consent decree under 51 O.S. § 200 until February 3, 2025 at the earliest.

I trust this clarifies the relevant statutory and constitutional provisions governing the approval of the consent decree. Should you have any questions or require additional information, please do not hesitate to contact me.

Sincerely,

Ben Lepak
General Counsel

cc: The Honorable Kyle Hilbert
kyle.hilbert@okhouse.gov

The Honorable Lonnie Paxton
lonnie.paxton@oksenate.gov

3