# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

LESLIE BRIGGS, as next friend of T.W. and
B.S.,
EVAN WATSON, as next friend of C.R., and
HENRY A. MEYER, III, as next friend of A.M.,
for themselves and for others similarly situated,

        **Plaintiffs,**

v.

ALLIE FRIESEN, in her official capacity
as Commissioner of the Oklahoma Department
of Mental Health and Substance Abuse Services,
and
DEBBIE MORAN, in her official capacity as
Interim Executive Director of the Oklahoma
Forensic Center,

        **Defendants.**

Case No. 23-cv-00081-GKF-JFJ

FILED UNDER SEAL PURSUANT
TO FEBRUARY 5, 2025 COURT
ORDER [DOC. NO. 108]

## SUPPLEMENT TO DEFENDANT'S OPPOSED MOTION TO SUBSTITUTE COUNSEL

Defendants, Allie Friesen, in her official capacity as Commissioner (the "Commissioner")

of the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS")

and Debbie Moran, in her official capacity as Interim Executive Director of the Oklahoma Forensic

Center (together with the Commissioner, the "Defendants"), for their Supplement to Defendant's

Opposed Motion to Substitute Counsel, allege and state as follows:[1]

---

[1] Before filing this Motion, the undersigned conferred with counsel for the Plaintiffs and the
Attorney General in accordance with LCrR47-4 and can advise that the Attorney General opposes
the Defendants' request for relief. Counsel for the Plaintiffs takes no position with respect to the
relief requested herein.

20730073.1:015108.00001

# I.

## **INTRODUCTION**

The Defendants and the Attorney General completed briefing on the pending Motion to Substitute Counsel and the Attorney General's Motion to Strike Attorney Appearances by William W. O'Connor, Brian T. Inbody, John T. Ricker [sic], and Kristen P. Evans on December 6, 2024. [ECF Nos. 76, 77, 88, 89, 90, 91]. Therein, the Attorney General argues that "[t]he alleged conflict at the heart of the motion to substitute no longer exists[,]" and "[t]he lack of any present alleged conflict is dispositive." [ECF No. 88, at 1; ECF No. 90, at 2]. Contrary to the Attorney General's assertions, however, the conflict of interest has only intensified. Text messages between the Attorney General and the Commissioner on December 12, 2024, further demonstrate why substitution of counsel is the appropriate and proper remedy here. *See Text Messages Between Gentner Drummond and Commissioner Friesen*, Attached as Ex. A. The Oklahoma Rules of Professional Conduct ("ORPC") simply do not permit an attorney who refuses to speak with his purported client to continue to represent that client against the clients' wishes—regardless of who the attorney is.

Further, the Oklahoma Supreme Court's recent decision in *Cherokee Nation v. United States Department of the Interior* shows that the Attorney General's authority is not unlimited.[2] Where, as here, the Attorney General's authority is limited by express legislative and constitutional provisions, and the Governor has exercised his power granted by the Oklahoma Constitution as the "Supreme Executive" to appoint Hall Estill as counsel for Defendants, the Governor's decision must stand.

---

[2] 2025 OK 4, ___ P.3d ___.

## II.

### FACTS AND PROCEDURAL BACKGROUND

1.      Defendants, in accordance with Federal Rule of Civil Procedure 10(c), incorporate by reference herein:

    a.  Their Opposed Motion to Substitute Counsel filed on November 1, 2024 [ECF No. 76], including Paragraphs 1-16 in Section II of the Motion on pp. 3-7, and the evidentiary and other materials attached thereto as Exhibits A-E;

    b.  Their Response and Objection to the Attorney General's Motion to Strike Attorney Appearances by William W. O'Connor, Brian T. Inbody, John T. Richer, and Kristen P. Evans [ECF No. 89]; and

    c.  Their Reply to the Attorney General's Response to Motion to Substitute filed on December 6, 2024 [ECF No. 91], including Exhibit A.

2.      Briefing on Defendant's Opposed Motion to Substitute Counsel and the Attorney General's Motion to Strike Attorney Appearances by William W. O'Connor, Brian T. Inbody, John T. Richer, and Kristen P. Evans was completed on December 6, 2024 [ECF Nos. 76, 77, 88, 89, 90, 91].

3.      In accordance with Section 3.1(e) of the Oklahoma Bar Association Standards of Professionalism, the Defendants did not attach relevant email communications between the Commissioner and the Attorney General that show a conflict of interest exists to the Motion to Substitute Counsel. [ECF Doc. 76, at p.5 n.5].

4.      However, since the parties completed the briefing on the pending motions, additional communication via text messaging has occurred between the Attorney General and the Commissioner on December 12, 2024. *See* Ex. A.



8.    On January 22, 2025, the Oklahoma Supreme Court issued its opinion in *Cherokee Nation*.[3]

_____
[3] 2025 OK 4, ____ P.3d ____.

20730073.1:015108.00001

## III.

## ARGUMENT AND AUTHORITY

**A. A Conflict of Interest Exists Between the Attorney General and the Commissioner and Has Not Dissipated.**

The Attorney General's refusal to communicate with the Commissioner ensures that Defendants will not be able to effectively participate in the representation if the Attorney General remains their counsel moving forward. This implicates ORPC 1.4, which provides that

> (a) [a] lawyer shall: (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information . . . [and] (b) [a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The Attorney General's refusal to speak to the Commissioner also reiterates the Attorney General's belief he is the client with total and absolute control. Communication is not necessary when one acts as both attorney and client. Yet, the Consent Decree will govern the Defendants' actions—not the Attorney General's—for years. Allowing the Attorney General to continue representing Defendants here would effectively "'close either the mouth of [his client] or the ears of the courts" to Defendants' position in the event a future dispute arises related to the Consent Decree.[4]

Permitting continued representation by the Attorney General here would also deny Defendants the same access to the courts as a private citizen.[5] As an advocate for clients, "a lawyer

---

[4] *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 843 (quoting *Pub. Utility Comm'n of Tex. v. Cofer*, 754 S.W.2d 121, 125 (Tex. 1998)).

[5] *Chun v. Bd. of Trustees of Emps. Retirement Syst. of Haw.*, 952 P.2d 1215, 1218-19 (Haw. 1998) (stating that "[w]hen the official policies of a particular state officer or [instrumentality] are called into question . . . that officer or instrumentality is entitled to the same access to the courts and zealous and adequate representation by counsel . . . as is the private citizen . . . .)"

20730073.1:015108.00001

zealously asserts the client's positions under the rules of the adversary system."[6] The Attorney General cannot fulfill this duty if he refuses to speak to his purported client. The Attorney General also cannot "exercise independent professional judgment and render candid advice" as ORPC 2.1 requires. The text messages leave no doubt (1) that a continuing conflict of interest exists between the Commissioner and the Attorney General, (2) that the Attorney General refuses to work with the Commissioner going forward on any matter, and (3) that a reasonable line of communication between the Attorney General and the Commissioner is no longer possible. Without substitution of counsel, Defendants will not have an advocate moving forward.

**B. The Oklahoma Supreme Court's Recent Decision Supports Defendants' Position.**

On January 22, 2025, the Oklahoma Supreme Court issued an opinion in *Cherokee Nation v. United States Department of the Interior*.[7] In *Cherokee Nation*, Governor Stitt—sued in his official capacity—hired outside counsel who represented him for two years.[8] Then, the Attorney General entered an appearance, attempting to take over as counsel for the State.[9] The Attorney General argued that he was "exercising his statutory authority 'to take and assume control of the defense of the State's interests in this case'" pursuant to Title 74, Section 18b(A)(3).[10] Finding no Oklahoma case law on point, the District Court certified the following question to the Oklahoma Supreme Court:

> May the Attorney General of Oklahoma, under Title 74, Section 18 of the Oklahoma Statutes, "take and assume control" of the "defense of the state's interests," Okla. Stat. tit. 74 § 18b(A)(3), in the instant case before this Court—in which the Governor of Oklahoma is named as a defendant in his official capacity for his role in entering into certain tribal-gaming contracts on behalf of the State of Oklahoma—over the objection of the Governor, who is vested with "Supreme

---

[6] Okla. Stat. tit. 5, Ch. 1, App. 3-A, Preamble § (2).
[7] 2025 OK 4.
[8] No. 20-2167 (TJK), 2024 WL 1212987, at *1 (D.C. Cir. Mar. 21, 2024).
[9] *Id.*
[10] *Id.*

20730073.1:015108.00001

executive power" under Article VI, Section 2 of the Oklahoma Constitution, and when the Governor has already exercised his authority under Title 74, Section 6 of the Oklahoma Statutes to "employ counsel to protect the rights or interests of the state," Okla. Stat. tit. 74 § 6?[11]

The Oklahoma Supreme Court answered the certified question in the negative.[12]

The Court considered numerous authorities implicated in this case, including Title 74, Sections 6, 18b(A)(3), 18c, Article VI, Sections 1, 2 and 8 of the Oklahoma Constitution, *State ex rel. Derryberry v. Kerr-McGee Corporation*,[13] and *State ex rel. Howard v. Oklahoma Corporation Commission*.[14] The Court determined that "a hierarchy [of executive power] is clearly contemplated" by the Oklahoma Constitution where the Governor "serves as the highest authority in that department."[15] "Although both the Governor and the Attorney General possess similar authority, the Governor is ultimately the leader of the executive branch."[16] Accordingly, "[t]he seemingly broad power granted to the Attorney General to direct and control litigation does not operate to override the Governor's constitutional role as Chief Magistrate . . . ."[17]

The Court continued: "Although the Attorney General is given extensive authority to represent the State, he does not possess 'complete dominion' over all litigation involving the State or state offices."[18] Indeed, "Oklahoma's statutory scheme clearly contemplates that many state entities, including the office of the Governor, will retain their own counsel and direct the strategy

---

[11] *Cherokee Nation*, 2024 WL 1212987, at *6.
[12] *Cherokee Nation*, 2025 OK 4, ¶ 2, ___ P.3d ___.
[13] 1973 OK 132, ¶ 20, 516 P.2d 813, 818.
[14] 1980 OK 96, ¶ 23, 614 P.2d 45, 50.
[15] *Cherokee Nation*, 2025 OK 4, ¶¶ 24-25.
[16] *Id.* ¶ 30.
[17] *Id.*
[18] *Cherokee Nation*, 2025 OK 4, ¶ 32, ___ P.3d ___.

20730073.1:015108.00001

in such representation."[19] Those entities include the ODMHSAS.[20] Title 43A, Section 2-206 of the

Oklahoma Statutes provides

> The Department of Mental Health and Substance Abuse Services may provide for legal services, and the Commissioner may employ or contract with attorneys as needed and determine their salaries; provided, however, that the attorneys may appear for and represent the Commissioner, the Board of Mental Health and Substance Abuse Services, administrative supervisors of facilities and Department personnel in administrative hearings and other legal actions and proceedings. Provided, further, that the Attorney General shall continue to give his opinion to the Department and to prosecute and defend action therefor, if requested to do so.

The *Cherokee Nation* Court also addressed the conflict between Title 74, Sections 6, 18b, and 18c(A)(4)(a). Because Sections 6 and 18c(A)(4)(a) are more specific than Section 18b, "[t]he Governor may opt for the State's interests to be represented by counsel other than the Attorney General . . . ."[21] Thus, the Court rejected the Attorney General's interpretation of *Derryberry*.[22] The Court reiterated that "the Attorney General's dominion over a case can be overridden by '*explicit legislative or constitutional expression to the contrary*.'"[23]

Here, as in *Cherokee Nation*, "it flows logically that the [Defendants'] participation as a named defendant in the underlying case includes the choice of counsel who will represent the [Defendants'] position."[24] The Governor exercised his "superior constitutional power as Chief

---

[19] *Id.*

[20] *Id.* ¶ 32 n.9, ___ P.3d ___ (explaining that "[l]ike the Governor, [the ODMHSAS has] separate statutory authority to hire their own counsel and to have those lawyers represent their offices in litigation).

[21] *Cherokee Nation*, 2025 OK 4, ¶ 33-34 (citing *Stitt v. Treat*, 2024 OK 21, ¶ 30, 546 P.3d 882, 893; *Mutual Injury Tr. Fund v. Coburn*, 2016 OK 120, ¶ 23, 386 P.3d 628, 636 (stating that a "statute enacted for the purpose of dealing with the subject matter controls over the general statute.").

[22] *Cherokee Nation*, 2025 OK 4, ¶ 36.

[23] *Id.* (quoting *Derryberry*, 1973 OK 132, ¶ 20, 516 P.2d at 818 (emphasis added by the Court)).

[24] *Cherokee Nation*, 2025 OK 4, ¶ 49, ___ P.3d ___; *see also Howard*, 1980 OK 96, ¶ 23, 614 P.2d at 50 (holding that the "right to be represented by counsel ordinarily should include the right to make a choice, if timely exercised, of attorneys whose views are consonant with one's own or who at least will present the client's interests.").

Magistrate[]" to appoint Hall Estill as counsel to represent the Defendants.[25] The Governor has plainly opted for "the State's interests to be represented by counsel other than the Attorney General . . . ."[26] The Attorney General's dominion over this case has been overridden by *explicit legislative [and] constitutional expressions to the contrary.*"[27]

## IV.

## CONCLUSION

The Attorney General has not provided legal representation to Defendants throughout this litigation and by his own words, does not intend to do so in the future. The Attorney General's animosity towards the Commissioner has led to name-calling, threats, belittling, an attempt to forge a settlement over his clients' express will, and now, a refusal to consult with the Commissioner at all. The Attorney General's conduct implicates numerous provisions of the ORPC and warrants substitution.

*Cherokee Nation* affirms the clear hierarchy of executive power in the Oklahoma Constitution.[28] Under state law, this Court must enforce the Governor's decision to appoint Hall Estill as counsel for Defendants, and the Attorney General may appear *ex officio*. For the reasons set forth herein, Defendants respectfully request that the Court enter an order substituting Hall Estill as counsel for Defendants.

---

[25] *Cherokee Nation*, 2025 OK 4, ¶ 36.
[26] *Id.* ¶ 33-34 (citing *Stitt v. Treat*, 2024 OK 21, ¶ 30, 546 P.3d 882, 893; *Mutual Injury Tr. Fund v. Coburn*, 2016 OK 120, ¶ 23, 386 P.3d 628, 636 (stating that a "statute enacted for the purpose of dealing with the subject matter controls over the general statute.").
[27] *Derryberry*, 1973 OK 132, ¶ 20, 516 P.2d at 818 (emphasis added).
[28] *Id.* ¶¶ 24-25.

20730073.1:015108.00001

Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

*s/William W. O'Connor*
William W. O'Connor, OBA No. 13200
Brian T. Inbody, OBA No. 17188
John T. Richer, OBA No. 19544
Kristen P. Evans, OBA No. 30210
521 East 2nd Street, Suite 1200
Tulsa, OK  74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
binbody@hallestill.com
jricher@hallestill.com
kevans@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

20730073.1:015108.00001

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served a true and complete copy on each of the following via email:

Paul DeMuro
Frederic Dorwart
David W. Leimbach
Nick Southerland
Brian S. Wilkerson
pdemuro@fdlaw.com
fdorwart@fdlaw.com
dleimbach@fdlaw.com
nick@okdlc.org
brian@okdlc.org

***Class Counsel for Plaintiffs***


Attorney General Gentner Drummond
Erin M. Moore
Tracy E. Neel
Devan Pederson
Garry M. Gaskins, II
Will Flanagan
Kindanne C. Jones
gentner.drummond@oag.ok.gov
erin.moore@oag.ok.gov
tracy.neel@oag.ok.gov
devan.pederson@oag.ok.gov
garry.gaskins@oag.ok.gov
william.flanagan@oag.ok.gov
kindanne.jones@oag.ok.gov

***Counsel for Defendants***


*s/William W. O'Connor*
William W. O'Connor

20730073.1:015108.00001