IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

LESLIE BRIGGS, as next friend of )
T.W. and B.S., )
EVAN WATSON, as next friend of C.R., )
and )
HENRY A. MEYER, III, as next friend )
of A.M., for themselves and for others )
similarly situated, )
  )
       Plaintiffs, )
  )
vs. ) Case No. 23-cv-00081-GKF-JFJ
  )
ALLIE FRIESEN, in her official capacity )
as Commissioner of the )
Oklahoma Department of Mental Health )
and Substance Abuse Services, and )
DEBBIE MORAN, in her official capacity )
as Interim Executive Director of the )
Oklahoma Forensic Center, )
  )
       Defendants. )

## ORDER

This matter comes before the court on the Defendants' Motion to Substitute Counsel [Doc. 76] and the Attorney General's Motion to Strike Attorney Appearances by William W. O'Connor, Brian T. Inbody, John T. Ricker, and Kristen P. Evans [Doc. 77]. For the reasons set forth below, the Motion to Substitute Counsel is granted, and the Motion to Strike Attorney Appearances is denied.[1]

---

[1] On January 15, 2025, the Court entered an Opinion and Order [Doc. 102] holding that, when the Oklahoma Legislature approves the Consent Decree agreed-to by the parties, the Court will certify the proposed Class and enter the Consent Decree as a final judgment. Although the case has been resolved, the motions presently before the Court are not moot, as issues may arise during implementation of the terms of the Consent Decree, over which this Court will have continuing jurisdiction.

In *State ex rel. Howard v. Oklahoma Corp. Comm'n*, 614 P.2d 45, 50 (Okla. 1980), the Oklahoma Corporation Commission argued that it had the right to be represented by its own in-house counsel, and that the Attorney General, whose views were at variance with those of the Corporation Commission, should be excluded from appearing for the Commission. The Oklahoma Supreme Court agreed, stating that

> The right to be represented by counsel ordinarily should include the right to make a choice, if timely exercised, of attorneys whose views are consonant with one's own or who at least will present the client's interests.

*Id.* at 50. Upon review of the proceedings before this court and filings made in this case, including the defendants' Supplement to their Motion to Substitute Counsel [Doc. 109], it is clear that, despite the fact that the defendants and the Attorney General have agreed to the terms of the Consent Decree, the views of the Attorney General have not been consonant with the views of the defendants in this litigation. The defendants are entitled to counsel who agrees to consult with them and present their interests. Accordingly, the defendants are entitled to substitute counsel during the implementation and enforcement phases of the Consent Decree.

However, to the extent the views of the defendants' attorneys are or come to be at variance with those of the Attorney General, the Attorney General "is authorized to represent the views of that segment of the people of the State who may agree with his views." *Id.* at 50-51. In order to do so, the Attorney General shall remain in this case *ex officio*.

The court notes that, only a month ago, the Oklahoma Supreme Court issued an opinion in *Cherokee Nation v. United States Department of the Interior*, --- P.3d ---, 2025 WL 260100 (Okla. Jan. 22, 2025). In *Cherokee Nation*, Oklahoma's Governor – sued in his official capacity in a lawsuit filed in the U.S. District Court for the District of Columbia – hired outside counsel who represented him for two years. *Cherokee Nation v. United States Department of the Interior*, 2024

WL 1212987 at *1 (D.D.C. March 21, 2024). Oklahoma's Attorney General then entered an appearance, claiming authority under Oklahoma law "to take and assume control of the defense of the State's interests" pursuant to Okla. Stat. tit. 74, § 18b(A)(3). *Id.* The federal district court certified the following question to the Oklahoma Supreme Court:

> May the Attorney General of Oklahoma, under Title 74, Section 18 of the Oklahoma Statutes, "take and assume control" of the "defense of the state's interest's" Okla. Stat. tit 74 § 18b(A)(3), in the instant case before this Court – in which the Governor of Oklahoma is named as a defendant in his official capacity for his role in entering into certain tribal-gaming contracts on behalf of the State of Oklahoma – over the objection of the Governor, who is vested with "Supreme executive power" under Article VI, Section 2 of the Oklahoma Constitution, and when the Governor has already exercised his authority under Title 74, Section 6 of the Oklahoma Statutes to "employ counsel to protect the rights or interests of the state," Okla. Stat. tit 74 § 6?

The Oklahoma Supreme Court answered the certified question in the negative, holding "that the Attorney General's statutory authority to take and assume control of the State's defense is subordinate to the Governor's constitutionally-granted Supreme Executive power, and statutorily-granted authority which gives him the right to represent the State and choose his counsel in defense of the action." *Id.* at * 10. And, pertinent to the case now before this court, the Supreme Court noted that, like the Governor, several Oklahoma state entities are specifically exempted from the prohibition in Okla. Stat. tit. 74, § 18c against hiring of the Attorney General, including the Oklahoma Department of Mental Health and Substance Abuse Services. *Id.* at *9, fn. 9.

As in *Howard*, the Court in *Cherokee Nation* recognized the Attorney General's authority to appear *ex officio* to the extent deemed proper by the United States District Court for the District of Columbia. *Id.* at *14.

WHEREFORE, for the reasons set forth above, the Defendants' Motion to Substitute Counsel [Doc. 76] is granted, and the Attorney General's Motion to Strike Attorney Appearances

3

by William W. O'Connor, Brian T. Inbody, John T. Ricker, and Kristen P. Evans [Doc. 77] is denied.  The Attorney General may appear *ex officio* in this case.

IT IS SO ORDERED this 4th day of March, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE