| | |
|---|---|
| **From:** | DeMuro, Paul |
| **To:** | Settle, John |
| **Cc:** | Newell, Catherine; Kindanne Jones; Tracy Neel; shelly@johnmoconnorlaw.com; john@johnmoconnorlaw.com; darrenlish; Neil Gowensmith; John Petrila |
| **Subject:** | [EXTERNAL] Briggs v. Slavonic -- Notice of Dispute |
| **Date:** | Wednesday, November 5, 2025 5:28:17 PM |

John:

This is Class Counsel's Notice of Dispute in accordance with Paragraph 96 of the Consent Decree. We submit to the Dispute Resolution Process the following contentions, the basis for which are contained in the Consultants September 2025 Status Report (Doc. 124).

1. Defendants have failed to use Best Efforts to reevaluate all Class Members waiting for restoration treatment with 90 days of entry of the Consent Decree with evaluators who are properly qualified per the Consent Decree. (See, Doc. 124, p. 25).

2. Defendants have failed to develop and implement a Consultant-approved plan to achieve a material increase in new in-patient forensic beds dedicated solely to competency restoration. (*See* Consent Decree, ¶ 62; Doc. 124, at p. 32).

3. Defendants have failed to use Best Efforts develop and implement a Consultants-approved in-jail restoration pilot program in Tulsa County and one other County. (*See* Consent Decree, ¶¶ 74-76; Doc. 124, p. 41).

4. Defendants have failed to use Best Efforts to offer periodic training to stakeholders in Oklahoma's criminal justice system concerning competency evaluations and restoration. (*See* Consent Decree, ¶¶ 78-90; Doc. 124, p. 40).

5. Defendants have failed to use Best Efforts to: (i) develop and begin to implement a plan for staff involved in competency restoration to received continuing education and training (*See* Consent Decree, ¶ 64; Doc. 124, p. 39); (ii) approve and monitor Qualified Forensic Examiners conducting competency evaluations (*See* Consent Decree, ¶ 31; Doc. 124, p. 47); and (iii) develop and begin to implement a staffing plan for OFC to ensure compliance with current accrediting-body compliance. (*See* Consent Decree, ¶ 67; Doc. 124, pp. 53-54).

6. Defendants have failed to use Best Efforts to develop and begin to implement the Plan. (*See* Doc. 124, pp. 30-31, 60; Consent Decree, ¶54).



EXHIBIT "A"

7. Class Counsel's contention that Defendants have failed to use Best Efforts to failure to respond adequately to to the Consultants' requests for information (*See* Doc. 124, at p. 35).

8. Class Counsel's contention that Defendants have failed to report accurate and reliable data with respect to the number of Class Members awaiting restoration services.( *See* Doc. 124, pp. 22-23, 30-31, 60)

9. Defendants' failures to use Best Efforts as described herein constitutes Material Violations of the Consent Decree that require additional injunctive relief.  (*See* Doc. 124, pp. 30-31, 60)

10. Defendants must appoint a properly qualified person with authority and responsibility to exclusively implement and monitor Consent Decree compliance.  (*See* Doc. 124, pp. 57)

11. Defendants must implement the remainder of the injunctive relief recommended by the Consultants in Appendix G to their September 2025 Status Report (*See* Doc. 124, 115-122).

Please provide dates and times when you are available to meet and confer with respect to this Notice of Dispute.

Thank you.

/s

Paul DeMuro, Managing Member



FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma 74103
Office (918) 583-9957  •  Cell (918) 605-8382
pdemuro@fdlaw.com  •  www.fdlaw.com