# JOHN M. O'CONNOR, PLLC

ATTORNEYS AND COUNSELORS AT LAW

December 3, 2025

Paul DeMuro
Frederic Dorwart
124 East Fourth Street
Tulsa, OK 74103
pdemuro@fdlaw.com

Brian Wilkerson
Oklahoma Disability Law Center
4334 NW Expressway, Ste. 4
Oklahoma City, OK 73116
brian@okdlc.org

Dear Paul and Brian,

Yesterday, the Department emailed an updated Waitlist to you and the Court Consultants ("CC"). Per your request of November 24, the Department will email to you and the CC the most recent spreadsheet of the evaluation dates of each of the Class members in the November 10 Monthly Status Report. Neither of these items were on Plaintiffs' Notice of Dispute ("NOD").

The Department considers the Parties' meet and confer "efforts" ongoing, per Consent Decree Paragraph 96. On several items in Plaintiffs' Notice of Dispute, you indicated that you showed the item "open" pending one or two matters. I am checking the status of the NOD items:

**Item No. 1 of the NOD**: Best Efforts to evaluate the Class within 90 days. The data for evaluations in the 90 days following March 10 was produced as requested in item No. 1 of the NOD. That spreadsheet has been updated and emailed to you just now. The Department is keeping the CC up to date through the Portal and regular status reports. Proof of best efforts to date on this item is clear.

**Item No. 2 of the NOD**: Best Efforts to develop and implement a Plan for new in-patient forensic restoration beds. The Department showed a timeline for bringing new beds on line. You requested the sources for the underlying projections of the need. The Department will produce that information.

**Item No. 3 of the NOD**: Best Efforts to develop and implement an in-jail restoration pilot program in Tulsa and one other county. The assistant AG recommended "reserving" this issue for attention outside of this dispute process. You wanted to call the Tulsa County Sheriff to confirm that there is no room for a new program in the Jail. The Department concurs with the recommendation to eliminate this item from the NOD. Please advise of your consultation with the Sheriff.

**Item No. 4 of the NOD**: Best Efforts to offer periodic training to stakeholders in the criminal justice system regarding competency evaluations and restoration. The Department reported on its multiple efforts which are underway. It will chronicle those efforts more completely. The Department has accumulated curricula from other states and is compiling the same. This item appears resolved.

15 West 6th Street, Suite 2505
Tulsa, Oklahoma 74119
(918) 584-8445 – Office
john@johnmoconnorlaw.com

100 N. Broadway Ave., Suite 1890
Oklahoma City, OK 73102
(918) 688-6401 - Mobile



EXHIBIT "B"

**Item No. 5(i) of the NOD**: Best Efforts to develop and begin to implement a plan for training/continuing education for Department staff involved in competency restoration. The Department reported the efforts taken so far and planned. This item appears resolved.

**Item No. 5(ii) of the NOD**: Best Efforts to approve and monitor QFEs conducting competency evaluations. The Department's work on the QFE Policy culminated November 24 with Class Counsel approval of the Department's minimal changes to the draft QFE Policy approved by the Court Consultants. The Department also noted that the Court Consultants have had access for weeks to the evaluations and examiners through the Portal. This item appears resolved.

**Item No. 5(iii) of the NOD**: Best Efforts to develop and begin to implement a staffing plan to ensure accrediting-body compliance. The Department reported the efforts taken so far and planned. Two job fairs. Advertisements. Hirings. The Department will continue to document results obtained and plans to the Court Consultants -- including positions for which the Department has funding and for which the Department has requested funding from the Legislature. This item appears resolved.

**Item No. 6 of the NOD**: Best Efforts to develop and begin to implement the overall Plan. The Department has developed a Triage Plan and QFE Policy, which are parts of the Plan. The Plan is the compilation of the completed 17 Consent Decree components. The Plan is then sent for approval by the Court Consultants and then Class Counsel.

1) Class Counsel: "Plaintiffs are willing to hit a reset button on the Plan due date; say, 90 days from December 3." [March 3, 2026] O'Connor: "We cannot set a deadline that has time periods out of our control, like the time the Consultants or Class Counsel need for the review and comments to the Plan."

   Class Counsel: "Understood. Use the Consultants all along the way of the development of the Plan."

2) In an email dated November 26, the Department suggested a reset date of March 31, 2026, for the delivery of the "Plan" in draft form to the Court Consultants and Class Counsel. Of course, the Department intends to involve the Consultants in the various elements of the Plan along the way. Once we agree on a reset date, we can jointly submit that date to the Consultants for comment/approval. The resetting of the Plan due date will not impact the fines.

**Item No. 7 of the NOD**: Best Efforts to respond adequately to the Consultants' requests for information. The Department believes that this item relates to the period before June of 2025.

1) Class Counsel: "Only the Consultants can answer whether this has been satisfied." "Wait and See."

2) The Department: "The Consultants access to the Portal cures this problem."

This item appears to be resolved.

**Item No. 8 of the NOD**: Best Efforts to report accurate and reliable data regarding the number of Class Members awaiting restoration services. The Department reported its methods for acquiring accurate data from county jails and courts. This item appears resolved.

**Item No. 9 of the NOD**: Lack of best efforts constitute Material Violations. This is a legal conclusion. The Department has established best efforts since June 2025. No response to the legal conclusion is required.

**Item No. 10 of the NOD**: The Department must appoint a qualified person with authority and responsibility to exclusively implement and monitor Consent Decree Compliance. This is not a requirement in the Consent Decree. Nevertheless, the Department is underway in finalizing a job description and compensation plan for a director of forensic restoration services. It will advertise the position nationally and plan to hire the person as soon as a qualified candidate is selected.

**Item No. 11 of the NOD**: The Consultants' requested injunctive relief in Appendix G to their September 2025 Report. These items are addressed in response to Plaintiffs' Nos. 1-9 in the Notice of Dispute.

Your comments are solicited.

Sincerely,

John M. O'Connor

cc: John Settle, General Counsel
ODMHSAS