

**Court Consultants**
*No 4:23-cv-00081-GKF-JFJ*

**Briggs v. Friesen, Case No: 23-cv-81-GKF-JFJ**

**January 5, 2026**

To: Class Counsel, ODMHSAS, and the Office of the Oklahoma Attorney General
RE: Mediation Process
From: Court Consultants
CC: Honorable Gregory Frizzell

This is a follow-up to our November 21, 2025, and December 15, 2025 memoranda to the parties regarding mediation, requested by Class Counsel on December 10, 2025, pursuant to Paragraph 96 of the Consent Decree. Note that we have discussed this memo, and the process we will use for mediation, extensively with Judge Frizzell, who endorses our approach.

**Dates and Place for Initial Mediation Sessions**

We have scheduled two consecutive days for mediation:
January 12, 2026, from 9-6, with a one-hour break from 1-2
January 13, 2026, if necessary, from 9-3, with a break at 11:30.

ODMHSAS is providing a large conference room on the 9th floor of its building (2000 N. Classen Blvd, Oklahoma City). ODMHSAS requests that individuals attending the session check in first on the 6th floor. Please address any questions regarding location and checking in to Catherine Newell at Catherine.Newell.odmhsas.org.

We also ask that ODMHSAS provide rooms for each Party to meet separately, as we will be having discussions with each Party individually.

At the end of the first day's session, we will consult with the Parties regarding their views on the need for subsequent sessions.

**Issues Subject to Mediation**
As noted in our December 15 memorandum, the following issues will be considered: These are taken verbatim from our previous memo.

**Planning Requirements in the Decree**
- The Plan (issue # 2 in Mr. DeMuro's December 10 letter to Mr. O'Connor). The creation of this Plan will be the first item of discussion, and we will devote as much time as necessary to this topic, given that at present, no Plan exists.



EXHIBIT "D"

- Plan for a "material increase" in new in-patient forensic beds devoted solely to competency restoration (issue #3). This will be either part of or immediately follow discussion of the overall Plan.
- Implementation of the Plan (issue 6). This will be discussed as part of issues 2 and 3.

**Data Validity and Reliability**
- Reevaluation of Class Members (issue #1)
- Data regarding the number of Class Members awaiting restoration (issue # 8)
- Whether ODMHSAS has satisfactorily responded to Court Consultants' requests for information (issue #7)
- Mr. DeMuro notes that a dispute on the Department's efforts on these two issues exists until the Court Consultants agree that the data and numbers are reliable and valid. To date we have been unable to do so, though it is our view that the data are far more reliable than they were initially. However, we have not received information we have requested on numerous occasions from the Department, particularly but not only regarding the reevaluation issue. Those requests go back in some cases to March 2025 and have been reiterated and noted in multiple places, including the Court Consultants' September Report. Parenthetically, the assertion in Mr. O'Connor's letter that our information requests have been answered because we now have access to the Portal is incorrect. Portal access, which we appreciate, provides some important information but not does address all of the outstanding requests for information that we have made
- **We request that ODMHSAS provide the information requested by Court Consultants as noted above to Class Counsel, Court Consultants, and the Attorney General in advance of the mediation, as that information (for example, the rationale by which people are added to or excluded from the Decree's reevaluation requirement, any prior analysis of bed needs as referred to in the ODMHSAS August Plan) is a necessary foundation to discussion of the substantive issues to be considered in mediation.**
- We will discuss data validity and reliability in these two particular areas after the Plan discussions conclude

**Training**
We noted in our December 15 memo that some issues might be resolved before mediation. We ask the parties to notify us in advance whether any or all of these issues have been resolved or need to be considered in the mediation process:
- Periodic training to Oklahoma Criminal Justice System stakeholders (issue #4)
- Training for staff involved in competency restoration; QFE approval and monitoring; and a staffing plan for OFC to ensure compliance with accreditation standards (issue #5)

**Jail-Based Competency Restoration (issue #3)**
We will discuss JBCR as part of mediation, with a focus on:
- The suggestion by the Oklahoma Attorney General that JBCR be delayed
- The status of talks with Tulsa County and/or any another county where such talks have occurred

**Appointment of a Person to Exclusively Implement and Monitor Compliance (issue #10)**
We agree with Mr. O'Connor's assertion that this is not a topic explicitly covered in the Decree. However, we also have broad authority to take steps to "achieve the purposes and goals of the Consent Decree," as noted by Mr. DeMuro.

This issue will be discussed as part of a broader discussion of how the Department intends to staff development and implementation of the Plan.

**Implementation of Injunctive Relief Recommended by the Consultants in their September Report (issue #11)**
The recommendations we made in our September Report (Appendix G to that Report) will be discussed between the Parties to determine whether either Party believes that any or all of these recommendations are either actionable or objectionable, and why.

**Guidelines for the Mediation Process**
We will use the following guidelines, drawn in part from guidelines adopted by the United States Courts of Appeals for the Fourth and Tenth Circuits. [1]

- **Agenda**
    - We will begin the session on January 12 at 9 am with an overview of the process, any questions or comments from the Parties, and any logistical issues
    - We will then meet with the Parties separately to determine a) the position of the Parties on each issue (beginning with the Plan, as noted above), b) areas of potential compromise and c) outstanding issues and areas of fundamental disagreement. The Court Consultants may split up for this purpose.Representatives from the Attorney General's Office are invited to choose which Parties to join
    - We will reconvene at approximately 12:00 with all Parties and we will provide a summary of the Party-specific discussions to that point, as well as invite comments and discussion from the Parties
    - We will break for lunch; after lunch we will again meet separately with each Party to continue discussion of the issues at hand
    - We will reconvene with all Parties after these discussions to determine where each issue stands and whether subsequent discussions on January 13 are warranted
    - The Court Consultants may determine that certain issues (for example, data reliability and validity) are best addressed with all Parties present
- **The sessions are not to be recorded**
    - As a general rule, recording of federal court proceedings is prohibited

---

[1] https://www.ca10.uscourts.gov/cmo/faqs/mediation; https://www.ca4.uscourts.gov/mediation/preparing-for-a-mediation#:~:text=The%20mediator%20will%20ask%20questions,the%20context%20of%20a%20mediation

- o   Given that this mediation process is an extension of a federal court matter, there is to be no recording by any means, including phone, laptop, iPad, built-in recording mechanisms, or any other means not listed here
- **The sessions are confidential**
    - o   As the Tenth Circuit notes, "all communications in the course of a mediation or in any subsequent discussions are kept confidential. Nothing said during the discussions is placed in the record or disclosed…to anyone not participating…Counsel and parties may not refer to or quote any statement made during…mediation…in their briefs or at oral arguments…"
    - o   Under the Fourth Circuit guidelines, this applies as well to "papers or electronic information generated during the process." Note however that to the degree information is generated that is an extension of or supplement to information already available (such as census figures or wait times) that information is exempt from this guideline
- **The Decree is the Touchstone for the Mediation Process**
    - o   We have consistently stated the Decree constitutes a contract entered between the Parties and that its provisions must be met
    - o   While we have authority to modify provisions of the Decree (subject to appeal by a Party), we would take that step only on convincing evidence that it is necessary and will not result in a weakening of the core purposes of the Decree. In this regard we note the provisions of the Decree that do not permit an absence of legislative funding to be used as a defense to missed deadlines
- **Role of Court Consultants**
    - o   Our role is to facilitate discussions and attempt to find common ground between the Parties
    - o   At the same time, the Decree is clear that after mediation ends, we are to make findings and report to the Court on those findings and any recommendations
    - o   Any findings we make become part of the Decree, barring appeal by one of the Parties to the Court

If either Party has questions regarding this process, please address them to Court Consultants with copies to the other Party and the Office of the Attorney General.

Thank you.