

**Court Consultants**
*No 4:23-cv-00081-GKF-JFJ*

**Briggs v. Friesen, Case No: 23-cv-81-GKF-JFJ**

**December 15, 2025**

To: Class Counsel, ODMHSAS, and the Office of the Oklahoma Attorney General
RE: Mediation Dates and Related Issues
From: Court Consultants
CC: Honorable Gregory Frizzell

This is a follow-up to our November 21, 2025, memo to the parties regarding mediation. On December 10, 2025, Class Counsel requested mediation pursuant to Paragraph 96 of the Consent Decree.

**Dates and Place for Initial Mediation Sessions**
As we noted in our November 2025 memo, the Decree specifies that "the Consultants shall determine the mediation rules and procedures, including the time and location". The Decree specifies that the Parties may engage in mediation for no longer than 30 calendar days from a Party's written request for mediation. While the dates we specify for the mediation session begin 33 days from Class Counsel's request, we will assume consent of the parties absent a written objection to the contrary.

The mediation session will be held on two consecutive days:
January 12, 2026, from 9-6, with a one-hour break from 1-2
January 13, 2026, if necessary, from 8:30-3, with a one hour break at 12.

We request that ODMHSAS reserve a large conference room for this purpose, and that the room be set up in advance for the display of data and other material as necessary. We also request that ODMHSAS make available Mr. Settle, Ms. Hansbro, Mr. Wright, Ms. Golden-Muse and Ms. Webb for the full sessions on each day, as well as any other individuals ODMHSAS deems necessary.

At the end of the session, we will consult with the Parties regarding their views on the need for subsequent sessions.

**Issues Subject to Mediation**
We have reviewed Mr. O'Connor's December 3 letter to Class Counsel regarding the position of ODMHSAS on the disputed issues and the December 10 reply by Mr. DeMuro taking issue with many of Mr. O'Connor's statements. Given the apparent wide gap between the Parties, the following issues will be subject to discussion on January 12 and January 13:


EXHIBIT "E"

**Planning Requirements in the Decree**
- The Plan (issue #2 in Mr. DeMuro's December 10 letter to Mr. O'Connor). The creation of this Plan will be the first item of discussion, and we will devote as much time as necessary to this topic, given that at present, no Plan exists.
- Plan for a "material increase" in new inpatient forensic beds devoted solely to competency restoration (issue #3). This will be either part of or immediately follow discussion of the overall Plan.
- Implementation of the Plan (issue #6). This will be discussed as part of issues 2 and 3.

**Data Validity and Reliability; Responsiveness to Court Consultants' Information Requests**
- Reevaluation of Class Members (issue #1)
- Data regarding the number of Class Members awaiting restoration (issue #8)
- Whether ODMHSAS has satisfactorily responded to Court Consultants' requests for information (issue #7)
- Mr. DeMuro notes that a dispute on the Department's efforts on these two issues exists until the Court Consultants agree that the data and numbers are reliable and valid. To date we have been unable to do so, though it is our view that the data are far more reliable than they were initially. However, we have not received information we have requested on numerous occasions from the Department, particularly but not only regarding the reevaluation issue. Those requests go back in some cases to March 2025 and have been reiterated and noted in multiple places, including the Court Consultants' September Report. Parenthetically, the assertion in Mr. O'Connor's letter that our information requests have been answered because we now have access to the Portal is incorrect. Portal access, which we appreciate, provides some important information but not does address all of the outstanding requests for information that we have made.
- We will discuss data validity and reliability in these two particular areas after the Plan discussions conclude.

**Training**
There are several outstanding issues related to training that the correspondence between Mr. DeMuro and Mr. O'Connor suggests might be resolved prior to the mediation sessions.
- Periodic training to Oklahoma Criminal Justice System stakeholders (issue #4)
- Training for staff involved in competency restoration; QFE approval and monitoring; and a staffing plan for OFC to ensure compliance with accreditation standards (issue #5).
- Mr. DeMuro notes a possible solution to issue #4 and a possible partial solution to issue #5.
- We ask that the Parties advise whether these issues are resolved before the mediation sessions begin.

**Jail-Based Competency Restoration (issue #3)**
We will discuss JBCR as part of mediation, with a focus on:
- The suggestion by the Oklahoma Attorney General that JBCR be delayed

- The status of talks with Tulsa County and/or any another county where such talks have occurred

**Appointment of a Person to Exclusively Implement and Monitor Compliance (issue #10)**
We agree with Mr. O'Connor's assertion that this is not a topic explicitly covered in the Decree. However, we also have broad authority to take steps to "achieve the purposes and goals of the Consent Decree," as noted by Mr. DeMuro.

At the same time, there is a question of how far the Court Consultants should intrude into a state agency's staffing decisions absent consideration of an explicit staffing issue in the Decree. This issue will be discussed as part of a broader discussion of how the Department intends to staff development and implementation of the Plan.

**Implementation of Injunctive Relief Recommended by the Consultants in their September Report (issue #11)**
The recommendations we made in our September Report (Appendix G) will be discussed between the Parties to determine whether either Party believes that any or all of these recommendations are either actionable or objectionable, and why.

**Whether Material Violations Exist (issue #9)**
We addressed this issue in our Report. We do not believe it warrants discussion as part of mediation as the ultimate decision on whether Material Violations exists rests with the Court.

**Submissions by the Parties**
As noted above, we have reviewed the materials submitted by Class Counsel and on behalf of ODMHSAS on the matter of mediation. We have also reviewed the papers submitted by each Party to Judge Frizzell on the question of whether the Court should conduct a hearing, something the Court declined to do in favor of the Dispute Resolution process. If either Party believes they should submit material of any type before the mediation sessions begin, please do so with copies to the Parties, including the Attorney General's office.

We will provide additional information before the mediation begins and welcome any efforts by the Parties to resolve any of the issues in dispute in advance.


Respectfully submitted,

Court Consultants